STATE of Wisconsin, Plaintiff-Respondent,

v.

Jonathon R. TORRES, Defendant-Appellant.†

Court of Appeals

*Nos. 03–0233–CR through 03–0236–CR.*
*Submitted on briefs August 5, 2003.—Decided August 19, 2003.*

2003 WI App 199

(Also reported in 670 N.W.2d 400.)

† Petition to review denied 11-17-03.

213

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *David J. Becker*, assistant attorney general, of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Jonathon Torres appeals an order denying his motion for sentence modification, as well as the underlying judgments of conviction. We conclude that Torres has not demonstrated a "new factor" warranting sentence modification and therefore affirm the judgments and order.

## Background

¶ 2. The key case in this appeal is No. 00–CF-000219, where Torres was convicted of operating a motor vehicle without the owner's consent, contrary to WIS. STAT. § 943.23(3) (1999–2000). He was sentenced on that charge to two years' initial term of confinement with two years' extended supervision. In the other three cases, he was convicted of four misdemeanors and was given two six-month jail terms and two ninety-day jail terms, all concurrent with the felony sentence.

¶ 3. When Torres committed the offense in 2000, operating a motor vehicle without the owner's consent was a Class E felony with a maximum imprisonment term of five years. WIS. STAT. §§ 943.23(3) (1999–2000) and 939.50(3)(e) (1999–2000). These were the same classifications in effect in 2002 when Torres was convicted and sentenced. WIS. STAT. §§ 943.23(3) (2001–02) and 939.50(3)(e) (2001–02).

¶ 4. In 2001, however, the legislature created new classifications to take effect February 1, 2003. It reworked the statutory classifications of felonies, creating nine classes (A-I) where there were six previously (A, B, BC, C, D, and E). 2001 Wis. Act 109 §§ 545–559. Certain felonies, including operating a motor vehicle without the owner's consent, were reclassified. Torres' crime became a Class I felony. 2001 Wis. Act 109 § 747. A Class I felony is punishable by a maximum imprisonment term of three years and six months. WIS. STAT. § 939.50(1)(3)(i) (2003).[1] In October 2002, Torres asked the trial court for sentence modification in a WIS. STAT. § 809.30 (2001–02) postconviction motion, calling the pending change of classification a new factor warranting modification. The trial court denied the motion. Torres appeals.

### Discussion

■■■■

¶ 5. A defendant seeking modification based on a new factor must show that (1) the new factor exists and (2) it justifies modification of the sentence. *State v.*

---

[1] The Wisconsin Statutes are published biennially; thus, we have no 2003–04 compilation to cite containing this text. We include the 2003 notation to indicate the statutes that became effective February 1, 2003, and all additional statutory references are to the 2003 version unless otherwise noted.

*Champion*, 2002 WI App 267, ¶ 4, 258 Wis. 2d 781, 654 N.W.2d 242. A "new factor" is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). A new factor must be a development that frustrates the purpose of the original sentence, and must be proved by clear and convincing evidence. *Champion*, 258 Wis. 2d 781, ¶ 4.

■■■

¶ 6.   Whether something constitutes a new factor is a question of law we review de novo, without deference to the trial court. *State v. Michels*, 150 Wis. 2d 94, 97, 441 N.W.2d 278 (Ct. App. 1989). However, the existence of a new factor does not automatically entitle the defendant to relief. *State v. Hegwood*, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983). Whether a new factor, if there is one, warrants sentence modification is left to the trial court's discretion. *Id.*

■■

¶ 7.   First, we conclude that a change in the classification of a crime, which would result in a shorter sentence if the defendant were convicted under the new classification, is not a "new factor" under our traditional model for sentence modification. This is because as part of 2001 Wis. Act 109, the law created WIS. STAT. § 973.195, which provides the procedure for judicial review of a sentence when the law relating to sentencing changes.

¶ 8.  Under the new WIS. STAT. § 973.195(a), an "inmate who is serving a sentence imposed under s. 973.01 [the bifurcated sentence statute] . . . may petition the sentencing court to adjust the sentence if the inmate has served at least the applicable percentage [as specified in s. 973.195(1g)] of the term of confinement in prison portion of the sentence." Torres contends this shows the "legislature wanted persons on the window from December 31, 1999 to February 1, 2003, to be covered where the maximum penalty had been reduced" and that the reduction in the maximum possible confinement for his felony "constitutes a new factor which the court can and should consider in this case as a basis for a reduction of sentence." We disagree.

¶ 9.  WISCONSIN STAT. § 973.195 reflects the legislature's intent to create a separate and specific statutory procedure for requesting a sentence reduction that should be used in place of WIS. STAT. § 809.30 (2001–02) whenever "a change in law or procedure related to sentencing . . . effective after the inmate was sentenced that would have resulted in a shorter term of a confinement" is the basis for the modification.[2] WIS. STAT. § 973.195(1r)(b)(3). Torres' October 2002 filing of a § 809.30 motion based on the pending February 2003 change cannot be used to defeat the purpose of § 973.195. If Torres wanted to avail himself of the 2003

---

[2] The motion in this case also alleges the trial court erroneously believed at sentencing that Torres was in a gang, although that issue is not before us. However, we note that where there are other grounds for requesting modification, or where there are other new factors separate from the WIS. STAT. § 973.195 grounds, a defendant is not precluded from filing a WIS. STAT. § 809.30 motion *in addition to* a § 973.195 petition. The grounds upon which a § 973.195 petition is based are specific and limited.

sentence change as a basis for his sentence change, he was required to follow the § 973.195 procedure, which he could not do until February 1.

¶ 10. Even with the creation of WIS. STAT. § 973.195, modification of Torres' sentence would not have been guaranteed. The legislature did not intend that individuals like Torres always receive a downward modification on their sentence. WISCONSIN STAT. § 973.195(1r)(c) states that upon receipt of a petition, the sentencing court may deny the petition or hold it for further consideration. In other words, the legislature does not expect that all individuals "in the window" from 1999–2003 will have their sentences reduced, nor has it mandated such a result.

¶ 11. Second, in *Hegwood*, the supreme court concluded that a reduction in the maximum penalty does not constitute a new factor and is therefore not a proper basis for modifying a sentence. *Hegwood*, 113 Wis. 2d at 548. Hegwood filed a motion for sentence modification claiming a reduction in the maximum penalty for sexual assault was a "new factor." *Id.* at 545–46. The court disagreed, pointing out that retroactive application of the penalty was precluded, making the change irrelevant to the imposition of sentence. *Id.* at 547.

¶ 12. Torres attempts to distinguish *Hegwood* by explaining the history of truth-in-sentencing legislation. He contends that the legislature really intended the February 1, 2003, penalty structure to go into effect on December 31, 1999, when our truth-in-sentencing framework first took effect. If this were true, however, the legislature could have directed the courts to always retroactively apply the new 2003 penalties. It did not. Torres is in the same situation as Hegwood—there is no

mandatory retroactive application of the lower penalty—so the *Hegwood* rule applies and the change in penalty is not a new factor.

¶ 13. In any event, it also appears that the trial court assumed for argument's sake that this change in sentence structure *was* a new factor and still decided not to modify the sentence. The court heard arguments and concluded:

> [A]s far as the new law is concerned, that doesn't change my mind. I still think he got a just and fair sentence under the laws that existed at that time. And as pointed out, it could have been longer [if the sentences were set consecutively]. . . . I don't believe it was unduly harsh. I don't believe there is a new factor that changes The Court's mind, and so the motion will be denied. The sentence will stand.

¶ 14. Although the court did not explicitly brand the change in the law a new factor, it is evident to us that the court at least implicitly considered whether a change in the law would cause it to render a new sentence. Indeed, it stated that, "as far as the new law is concerned, that doesn't change my mind." Sentence modification upon showing a new factor is left to the trial court's discretion. *Hegwood*, 113 Wis. 2d at 546. The trial court concluded that Torres presented no evidence that would change the court's mind on the sentence, even though Torres had explained the new law for the court's consideration. Thus, the trial court concluded that even if the change in sentencing structure were a new factor, it did not warrant modification of the sentence. Thus, the trial court did not erroneously exercise its discretion.

*By the Court.*—Judgments and order affirmed.