STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony C. BOYDEN, Defendant-Appellant.

Court of Appeals

*No. 2011AP977–CR. Submitted on briefs November 29, 2011.
—Decided February 1, 2012.*

2012 WI App 38

(Also reported in 814 N.W.2d 505.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Associates*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly, J., and Neal Nettesheim, Reserve Judge.

¶ 1. NEUBAUER, P.J.   Anthony C. Boyden appeals from a trial court order denying his motion for sentence modification. Prior to his sentencing in 2004, Boyden initiated contact with law enforcement and voluntarily assisted in the investigation of a suspected drug trafficker and his drug trafficking gang. Boyden contends that his substantial assistance to law enforcement prior to sentencing was unknowingly overlooked at sentencing. He further argues that the fruits of his assistance, which were not realized until after sentencing, constitute a new factor for purposes of sentence modification. We conclude that Boyden has failed to demonstrate that the trial court erred in its determination that his substantial assistance to law enforcement was not unknowingly overlooked at sentencing. However, consistent with our holding in *State v. Doe*, 2005 WI App 68, 280 Wis. 2d 731, 697 N.W.2d 101, we conclude that the fruits of Boyden's presentence assistance may constitute a new factor for purposes of sentence modification. We reverse the trial court's order denying Boyden's

sentence modification request and remand for the trial court's consideration of Boyden's request in light of *Doe.*

## BACKGROUND

¶ 2.  In May 2004, Boyden was convicted of theft, operating a motor vehicle without consent and obstructing an officer after a jury trial. The charges stemmed from conduct occurring in November 2001.[1] Shortly after Boyden's arrest, Boyden initiated contact with law enforcement and began cooperating with both state and federal law enforcement authorities. Boyden provided material information regarding the criminal activity of an individual (Alvin Fouse III) and his drug trafficking gang (Black Pea Stone Rangers) that were the subject of investigation. The information regarding Boyden's cooperation with law enforcement was not referenced at his May 2004 sentencing hearing.

¶ 3.  Approximately one year after Boyden was sentenced, an investigator for the Special Investigations Unit of the City of Racine Police Department relied on information provided by Boyden in a search warrant application for locations belonging to Fouse. The warrant application explicitly identified Boyden as the source of that information. The search warrant was granted and the police recovered firearms, cocaine, drug paraphernalia, documents, gang-related materials, a computer and a bulletproof vest. Fouse was subsequently indicted on federal drug-trafficking charges, as were Raymond Garcia and Alvin Fouse, Jr.

---

[1] Boyden was sentenced to nine years in prison followed by nine years of extended supervision for the theft, a consecutive sentence of two years in prison followed by two years of extended supervision for operating a motor vehicle without consent and a concurrent sentence of nine months in jail for obstructing an officer.

On November 27, 2007, Fouse was found guilty of two federal charges of conspiracy to distribute a controlled substance and the use of a firearm in the commission of drug trafficking; he was sentenced to a total of 27.5 years.

¶ 4. In November 2009, Boyden filed a motion to modify sentence on grounds that the substantial assistance he had provided law enforcement before being sentenced (overlooked by the parties at the time of the original sentencing hearing) and the ultimate fruits of that substantial assistance (not in existence at the time of the original sentencing hearing) constituted a new factor justifying sentence modification. On November 4, 2010, the postconviction court held a motion hearing and heard arguments. The court denied Boyden's motion and issued a written order on April 5, 2011. Boyden appeals.

## DISCUSSION

¶ 5. A trial court has discretion to modify a sentence if the defendant presents a new factor. *State v. Macemon*, 113 Wis. 2d 662, 668, 670, 335 N.W.2d 402 (1983). A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *State v. Harbor*, 2011 WI 28, ¶ 40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted). "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *Id.*, ¶ 36. First, the defendant must "demonstrate by clear and convincing evidence the existence of a new factor,"

which is a question of law. *Id.* Second, if a new factor is present, the trial court must determine "whether that new factor justifies modification of the sentence." *Id.*, ¶ 37.

¶ 6.   Whether something constitutes a new factor is a question of law we review de novo, without deference to the trial court; however, whether a new factor, if there is one, warrants sentence modification is left to the trial court's discretion. *State v. Torres*, 2003 WI App 199, ¶ 6, 267 Wis. 2d 213, 670 N.W.2d 400.

¶ 7.   Here, Boyden's motion for sentence modification alleged the existence of a new factor justifying sentence modification, namely "the significant material assistance he provided to federal and state law enforcement as to the activities of one Alvin Fouse III (A.K.A. 'Stone') and the workings of his criminal enterprise." Boyden argued that (1) he had provided substantial assistance to law enforcement before he was sentenced, but that assistance was overlooked at the sentencing hearing and (2) his substantial assistance yielded substantial fruits, but only after he was sentenced, and thus those facts were not in existence at the time of the sentencing hearing. Boyden's motion detailed his contact with law enforcement authorities and included the affidavit of an assistant United States attorney, which also detailed Boyden's assistance to law enforcement and its impact on the federal prosecution of Fouse.

¶ 8.   In its written decision denying Boyden's motion for sentence modification, the court observed,

> It is clear to this Court that Boyden's cooperation with the federal investigating authorities is a fact that was in existence and known to all parties prior to the sentencing of Boyden in this case. In fact, from the

affidavit of [the assistant United States attorney], it appears Boyden was involved with the federal authorities prior to the charges . . . being brought by the State of Wisconsin.

. . . .

Under the circumstances of this case and the information which was known to the parties and to the Court concerning Boyden's involvement with the federal authorities conducting an investigation on other federal charges, this Court cannot find that these facts were not in existence at the time of sentencing; everybody knew Boyden was cooperating with the federal authorities.

. . . .

Under the circumstances, the Court concludes that the "new factor" was not "unknowingly overlooked" by Boyden's attorneys and further that it is not a "new factor" which would have been highly relevant to the sentencing of Boyden so that it frustrated the purpose of the Court's sentence.

¶ 9. Boyden raises two primary challenges to the postconviction court's denial of his request for sentence modification. First he contends that the postconviction court erred in finding that his substantial assistance was not overlooked at sentencing. Next, he contends that the fruits of a defendant's substantial assistance to law enforcement, revealed only after the defendant has been sentenced, can constitute a "new factor" for purposes of a sentence modification request based on that assistance.

■

¶ 10. As to Boyden's first challenge, we have reviewed the record, including the transcript of the sentencing hearing. We conclude that Boyden failed to

161

demonstrate by clear and convincing evidence that his assistance to law enforcement was unknowingly overlooked by all of the parties. While no mention is made of the assistance at the sentencing hearing, the postconviction court (presided over by the same judge as the original sentencing court) stated that "everybody knew Boyden was cooperating with the federal authorities." The State acknowledges that the prosecutor knew that Boyden was cooperating with federal authorities but did not deem that cooperation relevant to Boyden's sentencing on state charges. The postconviction court determined that Boyden's cooperation was not overlooked by his attorneys, and Boyden presented no evidence to the contrary. Thus, we reject Boyden's contention that his substantial assistance to law enforcement is a "new factor" because it was unknowingly overlooked at sentencing.

■

¶ 11.  We next turn to Boyden's second challenge that the fruits of a defendant's substantial assistance to law enforcement, revealed only after the defendant has been sentenced, can constitute a "new factor" for purposes of a sentence modification request. The postconviction court did not reach this issue. We conclude that when fruits of a defendant's substantial presentence assistance to law enforcement authorities are not known until after sentencing, those fruits, if highly relevant to the imposition of the sentence in light of the factors set forth in *Doe*, can constitute a new factor.

¶ 12.  In *Doe*, 280 Wis. 2d 731, ¶ 1, this court recognized that "a defendant's substantial and important assistance to law enforcement after sentencing may constitute a new factor that the trial court can take into consideration when deciding whether modification of a sentence is warranted." The *Doe* court adopted the

federal sentencing guideline provisions concerning sentence reductions for substantial assistance given to authorities before sentencing. *Id.*, ¶ 9. The *Doe* court noted that while the sentencing guidelines were intended to affect the imposition of the original sentence, they were "quite helpful in determining whether the post-sentencing assistance constitutes a new factor for the purposes of a postconviction motion for sentence modification." *Id.*

¶ 13.   The federal sentencing guideline provisions instruct the court to consider the following when determining an appropriate sentence reduction:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his [or her] family resulting from his [or her] assistance;

(5) the timeliness of the defendant's assistance.

*Id.* The *Doe* court concluded that "the broader rule of permitting the trial court, in appropriate cases, to modify a sentence after substantial assistance has been given to authorities, promotes sound public policy." *Id.*, 10.

¶ 14.   Boyden's motion for sentence modification addresses in detail the factors set forth in *Doe*. It describes the assistance Boyden provided to law en-

163

forcement after he voluntarily contacted a Racine county assistant district attorney. It sets forth the nature of the information Boyden provided, the basis of his knowledge, and the extent of his efforts (including accompanying law enforcement as they drove in and around Racine to identify locations used by Fouse and his associates). The information is supported by an affidavit submitted by the assistant United States attorney who worked with Boyden and was involved in the investigation of Fouse. The U.S. attorney advised that "Boyden did voluntarily cooperate with Federal and State Investigators to provide material information that assisted law enforcement." He characterized the assistance as "timely" and the information as "significant and useful," and advised that the information was used to obtain search warrants to search properties that yielded evidence that assisted in Fouse's conviction.[1] Finally, Boyden asserted that both he and his family were placed in danger as a result of his assistance because he was the only individual identified by name in a search warrant affidavit.

¶ 15.  The State contends that *Doe* does not apply to presentence assistance, the fruits of which are not realized until after sentencing. Rather, the State argues that *Doe* governs only postsentence assistance to law enforcement. In support, the State cites to the public policy considerations underlying the *Doe* court's decision:

> We are satisfied that the broader rule of permitting the trial court, in appropriate cases, to modify a sen-

---

[1] The information provided by Boyden as cited in the warrant affidavit was specifically relied upon by the federal court in denying Fouse's motion to suppress evidence discovered during the search.

tence after substantial assistance has been given to authorities, promotes sound public policy. Sentence modification should be available to those already sentenced who possess and can provide valuable information to law enforcement in ferreting out and curtailing crime. To limit sentencing credit to only those facing sentences will act as a disincentive for prisoners to contact law enforcement when they either possess or come to possess valuable information that could prevent crimes or bring the guilty to justice.

*Id.*, ¶ 10. The *Doe* court's discussion applies with equal force to presentence assistance, the results of which and details about are not known until after the defendant is sentenced. To borrow the logic of *Doe*, it would serve as a disincentive to limit sentence credit to only those whose cooperation produces results prior to sentencing.[2]

¶ 16.    Here, the postconviction court stated that it was "satisfied that Boyden did assist federal authorities in the prosecution of Fouse in the Eastern District federal case during 2006 and 2007; and probably cooperated with law enforcement since 2000." The court further noted that while everyone knew at the time of sentencing that Boyden was cooperating, "[i]t does make sense that Boyden would not necessarily present such cooperation until after the suspect in the federal case was tried and convicted." We likewise believe it reasonable that Boyden would seek further consideration of his assistance at this time, now having evidence of the fruits, which Boyden contends effectively provide

---

[2] This is especially true in cases where, as here, the investigation benefitting from the informant's assistance is just beginning. As Boyden points out, the search warrant using the information he provided in 2002 was not executed until after his sentencing in 2004.

new facts about the full nature and extent, value, reliability, significance, and danger or risk associated with, his cooperation.

¶ 17. We conclude that the postsentence fruits of a defendant's substantial presentence assistance to law enforcement authorities may constitute a new factor. We adopt the *Doe* factors for the court's use in assessing whether postsentence fruits constitute a new factor warranting sentence modification because it is highly relevant to the imposition of the sentence.[3] The State requests that we remand to the postconviction court for consideration of Boyden's motion in light of *Doe*.

## CONCLUSION

¶ 18. We conclude that when fruits of a defendant's substantial presentence assistance to law enforcement authorities are not known until after sentencing, those fruits, if highly relevant to the imposition of the sentence in light of the *Doe* factors, can constitute a new factor. We therefore reverse and re-

---

[3] Boyden contends that the postconviction court erroneously required him to demonstrate that the new factor frustrated the purpose of the court's original sentence. However, the postconviction court cited this as an alternative ground to its determination that Boyden's cooperation with law enforcement was not unknowingly overlooked at sentencing. Further, the court did so prior to the supreme court's clarification in *State v. Harbor*, 2011 WI 28, ¶ 48, 333 Wis. 2d 53, 797 N.W.2d 828, that "frustration of the purpose of the original sentence is not an independent requirement when determining whether a fact or set of facts alleged by the defendant constitutes a new factor." Based on our disposition, we need not further address Boyden's challenge. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (We decide cases on the narrowest possible grounds.).

mand for the postconviction court's consideration of Boyden's motion in light of our decision and the factors set forth in *Doe*.

*By the Court.*—Order reversed and cause remanded with directions.