PER CURIAM.
¶1 In these consolidated Racine County cases, Darla George appeals from judgments of conviction and from an order denying her WIS. STAT. RULE 809.30 (2017-18) postconviction motion seeking additional sentence credit and sentence modification.[1] The State concedes, and we agree, that George is entitled to additional sentence credit but that she has not demonstrated the presence of a new factor warranting sentence modification. We affirm the judgments as to her convictions, and the order insofar as it denied her request for sentence modification. We reverse the judgments and order in regard to the sentence credit awarded and remand for a redetermination of sentence credit.
¶2 In case no. 14CF1771, police responded to a report of two women fighting, one of them George. Faced with arrest, she grew belligerent, threatened the officers with violence, tried to pull away and grab the handcuffs, kicked one of them in the leg, and broke a phone box at the police station. She was charged with battery of a peace officer, resisting an officer, disorderly conduct, and criminal damage to property.
¶3 In case no. 15CF1599, George's ex-boyfriend told police George took financial advantage of him by activating new credit cards in his name, cashing some of his checks, and stealing his two work toolboxes. George was charged with four counts of felony identity theft, one count of felony theft, ten counts of felony bail jumping, and five counts of misdemeanor bail jumping.
¶4 Pursuant to a plea agreement, George entered guilty pleas to Counts 1 and 2 (battery to a peace officer and resisting an officer) in 14CF1771, and to Counts 1, 3, and 17 (identity theft, felony bail jumping, and felony theft) in 15CF1599. All remaining charges, as well as three charges from two other cases, were dismissed and read in at sentencing. Her resulting prison sentence was a global disposition of three years' initial confinement (IC) followed by three years' extended supervision (ES).
¶5 Postconviction, George moved for additional sentence credit and for sentence modification. Her motions were partially denied without a hearing.[2] In a subsequent correspondence between the court and defense counsel, the court denied George the additional credit she sought, explaining that, per a local court rule, credit is determined by counting "all midnights in custody." George appeals.
I. Sentence Credit
¶6 Sentence credit is a question of law, and we review the circuit court's ruling de novo. State v. Rohl , 160 Wis. 2d 325, 329, 466 N.W.2d 208 (Ct. App. 1991). "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." WIS. STAT. § 973.155(1)(a). Sentence credit due on one sentence should be applied to all other concurrent sentences contemporaneously imposed or for the same course of conduct. State v. Ward , 153 Wis. 2d 743, 746, 452 N.W.2d 158 (Ct. App. 1989). Pretrial confinement on a dismissed charge that is read in at sentencing relates to "an offense for which the offender is ultimately sentenced." State v. Floyd , 2000 WI 14, ¶32, 232 Wis. 2d 767, 606 N.W.2d 155 (quoting § 973.155(1)(a) ). A defendant is due a day of credit for any portion of a day spent in custody. State v. Johnson , 2018 WI App 2, ¶8, 379 Wis. 2d 684, 906 N.W.2d 704.
¶7 George seeks the following sentence credit: 148 days on both counts in 14CF1771 and, in 15CF1599, 16 days on Count 1 and 160 days on Counts 3 and 17[3] because she was either in custody in connection with the crimes for which the court sentenced her or in custody on the charges in one of the read-in cases during the time periods she identifies in her brief. See WIS. STAT. § 973.155(1)(a) ; Floyd , 232 Wis. 2d 767, ¶32. The State concedes that George deserves the sentence credit she seeks, with the exception of the sixteen days she requests on Count 1 in 15CF1599.
¶8 We accept the State's concession. We also agree that George is entitled to the credit on both counts in 14CF1771 and Counts 3 and 17 in 15CF1599 because these sentences are concurrent to each other, see Ward , 153 Wis. 2d at 745, and that the circuit court's reliance on the local rule that a defendant must be in custody at midnight to get sentence credit for a day conflicts with our recent decision in Johnson .
¶9 Determining sentence credit in this case appears to have been particularly complicated. See footnotes 2 and 3. Further, it appears from the amended JOC in 15CF1599 filed on April 18, 2018 that, as the State contends, George already has been given the sixteen days on Count 1. Therefore, we reverse and remand for the circuit court to resolve George's request for sentence credit.
II. Sentence Modification
¶10 George argues that the circuit court erred by denying her motion for sentence modification based on the new factor of her "unique medical history" of Graves' disease (hyperthyroidism ) and celiac disease (gluten intolerance). She claims that both can impact behavior and mental health, and that her celiac disease especially may have factored into her criminal conduct.
¶11 A defendant seeking sentence modification must establish by clear and convincing evidence that a new factor exists and that the new factor justifies sentence modification. State v. Franklin , 148 Wis. 2d 1, 8-9, 434 N.W.2d 609 (1989). A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties." Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). The defendant has the burden to demonstrate the existence of a new factor. Franklin , 148 Wis. 2d at 8-9. Whether there is a new factor under these standards is a question of law that we review de novo. State v. Boyden , 2012 WI App 38, ¶6, 340 Wis. 2d 155, 814 N.W.2d 505.
¶12 George contends that her physical diseases may have contributed to her mental health diagnoses, alcoholism, and drug addiction.[4] She also suggests that her psychiatrist failed to grasp the interplay between her physical disorders and her mental health symptoms, such that some of the drugs he prescribed were inappropriate given her alcoholism and drug dependence. As proof, George contends that since being incarcerated, her physical conditions are under control, and her mental health has so improved that she no longer needs psychotropic medication. She argues that if the circuit court had been aware of the significance of her medical conditions, it would have found that her crimes likely found root there instead of concluding that she was an out-of-control, unrepentant alcoholic and "drug-seeking" addict requiring incarceration.
¶13 George has not proved a new factor. She knew of both diagnoses for years. Thirty at the time of her crimes in 14CF1771, the record indicates she was diagnosed with both disorders as a teen-ager. The Graves' disease evidently did not concern her enough to tell the presentence investigation agent about it, as the section addressing emotional and physical health does not mention any thyroid disorder.[5] While the PSI references her celiac disease, it also states that George said she was on no medication for it and that her overall health is good.
¶14 What is new is George's postconviction discovery that her physical conditions could contribute to psychiatric issues, alcoholism, and drug addiction and, thus, she posits, led to her criminal behavior. Assuming a possible connection can exist between the disorders and behavior, she has not shown that they caused her particular criminal conduct. She fails to explain why she did not (1) follow up on the celiac disease diagnosis made years ago to learn how to treat it and the risks of letting it go untreated or (2) curb her drinking and pursue available treatment when she recognized alcohol's negative effects on her behavior. In her case, it is more likely that her behavior and criminal offenses resulted from her refusal to seek treatment for her ongoing drug and alcohol abuse.
¶15 Even though both George and her counsel admitted that George was addicted and needed help, she blames the court for focusing on her addictive behavior and its consequences. More accurately, the court said she bore responsibility for her actions-not for her addictive tendencies-because she lacked either the control or interest in complying with its orders that she get treatment for her alcoholism. George's improvement in prison after regularly participating in Alcoholics Anonymous underscores the court's assessment that availing herself of earlier treatment opportunities to attain sobriety would have benefited her. We conclude it would not matter to the court the amount of alcohol she consumed before acting criminally, only that she drank before doing so. The later-discovered information thus is not highly relevant to the court's sentence. Her potentially lowered alcohol tolerance due to celiac disease is not a new factor.
¶16 Accordingly, we affirm the judgments in regard to the convictions but reverse to the extent it appears that George was awarded an incorrect amount of sentence credit. We also affirm the order to the extent it denies George's request for sentence modification, but reverse it as to sentence credit. We remand this matter to the court to resolve the issue of sentence credit.
By the Court. -Judgment and orders affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

George also asked the circuit court to reconsider her eligibility for the earned release program and requested a new sentencing hearing. She does not raise these issues on appeal.
All references to the Wisconsin Statutes are to the 2017-18 version unless noted.

On Count 1 of 14CF1771, the circuit court imposed two years' IC plus two years' ES and, on Count 2, nine months in the county jail, concurrent to Count 1. On the original judgment of conviction (JOC), George received 135 days' sentence credit on Count 1. George believed she was due 148 days. The circuit court gave her 145 days' credit due, it said, to a local rule.
On Count 1 of 15CF1599, the court ordered one year IC plus one year ES, consecutive to 14CF1771. On Count 3, it ordered three years' IC plus three years' ES, concurrent to all other sentences. On Count 17, the court ordered one and one-half years' IC plus two years' ES, concurrent to all other sentences. The original JOC reflects one day of credit. In a supplemental postconviction motion, counsel proposed that George receive 16 days' credit on Count 1 and 153 days' credit on Counts 3 and 17. The court found George entitled to 16 days on Count 1 and 150 days on Counts 3 and 17. The amended JOC reflects 166 days.

Counsel contends on appeal that, due to the impact of the read-in file, the correct credit on Counts 3 and 17 is 160 days, not 153, as requested in the supplemental postconviction motion.

Over the years, George has been diagnosed with unspecified bipolar disorder, attention deficit disorder, and major depressive disorder. She also asserts that untreated celiac disease can lower one's tolerance to alcohol.

George submitted a report in support of her postconviction motion to show that her disorders impacted her mental health and behavior. The report states that her "thyroid problems ... are controlled by medications."