COURT OF APPEALS
DECISION
DATED AND FILED

March 29, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2022AP497
2022AP510
STATE OF WISCONSIN**

Cir. Ct. Nos.  2005CF295
2006CF171

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

BENJAMIN R. STIBBE,

   DEFENDANT-APPELLANT.

        APPEAL from orders of the circuit court for Ozaukee County: SANDRA JO GIERNOTH, Judge. *Affirmed*.

        Before Gundrum, P.J., Neubauer and Grogan, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Benjamin R. Stibbe appeals pro se from orders denying his postconviction motions seeking modification of his sentences based on a new factor. Stibbe contends the circuit court erred in denying without a hearing his request to modify his sentences based on assistance he provided to law enforcement in 2002, which assistance he claims resulted in the arrests and convictions of multiple drug dealers. For the following reasons, we affirm.

## Background

¶2 In Ozaukee County Case Nos. 2005CF295 and 2006CF171, Stibbe entered no-contest pleas to a total of four counts of first-degree reckless homicide, drug delivery. The complaints alleged that Stibbe purchased heroin, gave it to the victims, and the victims subsequently died. In 2006, the circuit court sentenced Stibbe to eighteen years of initial confinement followed by fifteen years of extended supervision on the first case, and in 2007, the court sentenced him to a concurrent sentence of twenty-five years of initial confinement, followed by fifteen years of extended supervision on the second case.

¶3 In 2021, Stibbe filed motions to modify his sentences, asserting that his "substantial assistance to law enforcement" in 2002 is a "new factor" warranting sentence modification. Stibbe acknowledged in his motion that his assistance "*was* in existence" when he was sentenced in 2006 and 2007, but he asserted it "was overlooked by all the parties." The circuit court "assum[ed] without deciding" that Stibbe's assistance was unknowingly overlooked at the time of his sentencings, but it nonetheless denied his motions on other grounds. Stibbe appeals.

*Discussion*

¶4    Although "[a circuit] court cannot base a sentence modification on reflection and second thoughts alone," "it may base a sentence modification upon the defendant's showing of a 'new factor.'" ***State v. Harbor***, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828.  A "new factor" is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).  The defendant has the burden to establish the existence of a new factor by clear and convincing evidence.  ***State v. Samsa***, 2015 WI App 6, ¶14, 359 Wis. 2d 580, 859 N.W.2d 149 (2014).  Whether a fact or set of facts constitutes a new factor is a question of law we review de novo. ***Id.***

¶5    Here, the circuit court denied Stibbe's motion for sentence modification without holding an evidentiary hearing.  When a defendant moves for sentence modification based on a new factor, the circuit court must hold a hearing only if "the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Allen***, 2004 WI 106, ¶¶9, 13, 274 Wis. 2d 568, 682 N.W.2d 433.  This is a question of law we review independently. ***Id.***, ¶9. "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." ***Id.***  Discretionary decisions are reviewed under the deferential erroneous exercise of discretion standard. ***Id.***

¶6      While Stibbe primarily relies on two cases in support of his assertion that his assistance to law enforcement is a "new factor," both are inapposite.[1]  In *State v. Doe*, 2005 WI App 68, 280 Wis. 2d 731, 697 N.W.2d 101, we recognized that "a defendant's substantial and important *assistance* to law enforcement *after sentencing* may constitute a new factor that the trial court can take into consideration when deciding whether modification of a sentence is warranted." *Id.*, ¶1 (emphasis added).  In *State v. Boyden*, 2012 WI App 38, ¶12, 340 Wis. 2d 155, 814 N.W.2d 505, we expanded *Doe* slightly to include the situation where a defendant provides such *assistance prior* to sentencing but the "fruits" of that assistance are realized *after* sentencing.  *Boyden*, 340 Wis. 2d 155, ¶17 ("[T]he postsentence fruits of a defendant's substantial presentence assistance to law enforcement authorities may constitute a new factor.").

¶7      As indicated, Stibbe bears the burden of showing a "new factor" by clear and convincing evidence.  His appeal does not even get out of the gate as neither his assistance to law enforcement (*Doe*) nor the "fruits" of that assistance

---

[1] Stibbe also cites an unpublished per curiam opinion that is not citable under Wisconsin rules of appellate procedure, *see* RULE 809.23(3) (2021-22), and we do not consider or discuss that opinion. All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(***Boyden***) occurred *after* his 2006/2007 sentencings.[2] His affidavit plainly indicates he provided the assistance at issue to law enforcement in 2002—years before his sentencings in these cases—and Wisconsin's Consolidated Court Automation Programs (CCAP) records, of which we may take judicial notice, *see* ***Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522, together with Stibbe's averments in his affidavit indicate the fruits of his assistance had all occurred by 2004.

¶8     To provide more specifics, Stibbe represents that in 2002 he pointed out to law enforcement officers a Milwaukee "drug house" from which he regularly purchased heroin, made a purchase of heroin at the house in cooperation with and under the supervision of law enforcement, and immediately thereafter "vouched" to the drug dealers for an undercover law enforcement officer who then

---

[2] Stibbe does not aver or even suggest he was *unaware* of the fruits of his assistance to law enforcement prior to sentencing. Even if he had made such a claim, it would appear difficult to support, as he indicates in his affidavit and specifically states in his motion related to this appeal that the drug house from which he regularly purchased heroin was "shut down" within weeks of his direct assistance to law enforcement in connection with the house. Furthermore, in his pro se brief-in-chief on appeal, he includes a timeline of "facts," which begins with his provision of assistance to law enforcement, then indicates "[t]his drug organization was shut down after an investigation" that included his introduction of an undercover officer to "leaders of the drug organization," "[t]his investigation did lead to the arrest and conviction of Timothy Milton and Demario Mosley," "Milton/Mosley did release from prison a number of years later and begin to operate their drug organization again," Stibbe "being an addict did continue to purchase heroin from Milton/Mosley as they had no knowledge of his cooperation with authorities," and Stibbe was subsequently arrested and convicted for his 2005/2006 crimes. In his reply brief on appeal, Stibbe further represents that "Milton and Mosley were able to continue operating their drug enterprise while incarcerated. Upon release from prison they gladly reconnected with Stibbe. And although he was responsible for their incarceration they remained in the dark to this fact." While in his motion Stibbe asserts the "fruits" of his assistance were "overlooked at the time of his [2006/2007] sentencing hearings," he does not state that the fruits were "*unknowingly* overlooked by all of the *parties*," which is the legal standard for a showing of a new factor. *See* ***State v. Crockett***, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 (emphasis added). Of course, Stibbe himself was a "party" at the time of his 2006/2007 sentencings in this case.

made a heroin purchase himself, or so it appeared to Stibbe, while Stibbe waited outside in a car the officer had just exited. Stibbe avers that dealers at the house were "busted within a matter of weeks" of his assistance, and he attributes this to his cooperation with law enforcement. Stibbe more specifically states the assistance he provided to law enforcement "led to the arrest, successful prosecution, conviction, and imprisonment" of Neal Mosley and Eric Bennett, as well as Timothy Milton and Demario Mosley, from whom Stibbe avers he regularly purchased heroin.

¶9      Each of these individuals pled guilty in connection with these charges and were sentenced to prison, with Bennett, Milton and Demario Mosley being sentenced in 2003 and Neal Mosley being sentenced in 2004. Thus, Stibbe's assistance and the fruits thereof all occurred prior to his 2006/2007 sentencings. Moreover, he concedes, as he must, that prior to his sentencings, he was aware of the assistance he provided; yet, for whatever reason (fear of retaliation perhaps), he apparently chose not to inform the circuit court of this assistance. And, even though he does not appear to explicitly concede he was also aware of the fruits of his assistance prior to his sentencings, neither does he direct us to anywhere in the record where he asserted he was unaware of said fruits at the time of his sentencings, and we are unable to find such an assertion. He needed to make such an assertion because had he been afforded an evidentiary hearing in this case, he would have had to establish by clear and convincing evidence that the sentencing courts were not aware of the fruits of his assistance "because … it was *unknowingly* overlooked by *all* of the parties," including Stibbe. *See **State v. Crockett***, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 (emphasis added) ("Although the … court may have 'unknowingly overlooked' these facts,

6

[the defendant] does not claim that he was unaware of them as well. Therefore, these facts are not new factors.").

¶10     Because Stibbe failed to "allege[] sufficient material facts that, if true, would entitle [him] to relief," the circuit court did not err in denying his motion without a hearing, *see Allen*, 274 Wis. 2d 568, ¶9, and we affirm the circuit court, *see State v. Rognrud*, 156 Wis. 2d 783, 789, 457 N.W.2d 573 (Ct. App. 1990) (We may affirm a correct decision of the circuit court even though the court relied on a different ground.).[3]

        *By the court.*—Orders affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).

---

[3] Because Stibbe develops no alternative argument that the circuit court erroneously exercised its discretion in declining to hold a hearing in the event we would conclude, as we do, that he failed to "allege[] sufficient material facts that, if true, would entitle [him] to relief," *see State v. Allen*, 2004 WI 106, ¶¶9, 13, 274 Wis. 2d 568, 682 N.W.2d 433, we need not address that question.