STATE of Wisconsin, Plaintiff-Respondent,

v.

Justin C. WICKS, Defendant-Appellant.†

Court of Appeals

*No. 91-2351-CR. Submitted on briefs April 3, 1992.—Decided April 16, 1992.*

(Also reported in 484 N.W.2d 378.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jack E. Schairer,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.    Justin Wicks appeals from a judgment convicting him of a felony, recklessly endangering another's safety, and an order denying his motion for postconviction relief.

The issue is whether the maximum probationary term for an offense increases along with the maximum prison sentence for the offense when that maximum is enhanced through application of the "repeater" statute, sec. 939.62(1), Stats. We conclude that it does and affirm the judgment and order.

Wicks entered a negotiated plea to second-degree reckless endangerment as a repeater. It is a Class E fel-

ony carrying a maximum prison term of two years. Sections 941.30(2) and 939.50(3)(e), Stats. At the time, Wicks was on probation for two prior felony convictions, burglary and theft. Accordingly, the repeater "enhancement" specified in sec. 939.62(1) would increase the maximum term of imprisonment for the reckless endangerment charge from two to eight years.[1]

Upon his conviction, Wicks's probation on the two earlier charges was revoked and the three cases were consolidated for sentencing. Pursuant to a plea bargain the prosecution and defense agreed to jointly recommend concurrent five-year prison terms for all three offenses. At the sentencing hearing, the trial court indicated to counsel that, in its view, the circumstances dictated a substantial period of probation following imprisonment. The prosecutor and defense counsel, however, both held to the bargained-for recommendation of concurrent five-year terms—with no subsequent probation—for the three offenses.

The trial court sentenced Wicks to concurrent five-year terms for the two prior felonies. On the reckless endangerment charge, the court withheld sentence and placed him on probation for a period of eight years, which is, as indicated, the maximum repeater-enhanced sentence for the crime.

---

[1] Insofar as it is applicable to this case, the statute provides that "[i]f the actor is a repeater . . . and the present conviction is for any crime for which imprisonment may be imposed . . . *the maximum term of imprisonment* prescribed by law for that crime *may be increased* as follows: . . . (b) A maximum term of more than one year but not more than 10 years may be increased by . . . not more than 6 years if the prior conviction was for a felony." Section 939.62(1), Stats. (emphasis added).

Wicks argues that the eight-year probationary term exceeds the maximum permitted by the probation statute, sec. 973.09(2)(b)1, Stats.[2] It is a question of statutory interpretation and thus one of law only. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). As a result, we construe the statute independently, owing no deference to the trial court's decision. *State v. Dean,* 163 Wis. 2d 503, 510, 471 N.W.2d 310, 313 (Ct. App. 1991); *State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987).

The rules that guide our construction of statutes tell us that the primary objective of such an endeavor is to give effect to the intent of the legislature, and that "[i]n determining that intent, first resort must be to the language of the statute itself." *Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). And we are, of course, obliged to give the statutory language its "ordinary and accepted meaning." *City of West Allis v. Rainey,* 36 Wis. 2d 489, 495, 153 N.W.2d 514, 517 (1967).

We agree with the state that our inquiry need go no farther than the plain language of the statutes. The maximum term of probation under sec. 973.09(2)(b)1, Stats., is the "maximum term of imprisonment" for the crime. The "maximum term of imprisonment" for the crime of second-degree reckless endangerment—enhanced for Wicks's repeater status—is eight years. It thus follows as night the day that the maximum term of probation for

---

[2]The statute provides that "[t]he original term of probation shall be . . . (b) 1. . . . for felonies, not less than one year *nor more than* either *the statutory maximum term of imprisonment for the crime* or 3 years, whichever is greater." (Emphasis added.)

Wicks's offense is eight years, as the trial court ordered.[3]

Wicks contends that reaching such a result in this case could lead to "absurd" results in others. He refers to other statutory penalty-enhancers such as use of a weapon or mask, etc., and concocts a situation where a person could "conceivably . . . be placed on probation for 18 years for a 2 year felony"; and he argues that such a result would be not only "absurd" but also inconsistent with the stated purpose of probation as "reintegrat[ing prisoners] into society as soon as possible."

It is, of course, for the trial court, in the exercise of its discretion, to make the initial determination whether probation is appropriate to a particular offender's situation, and then to fashion a term of probation—within allowable statutory limits—best suited to the offender's needs and those of society as a whole. *See Edwards v. State,* 74 Wis. 2d 79, 83, 246 N.W.2d 109, 110–11 (1976).

---

[3]We note in this regard that the repeater statute does not create a substantive crime; rather, as the plain statutory language indicates, it "enhance[s] the punishment of the crime for which the repeater is convicted." *Block v. State,* 41 Wis. 2d 205, 210, 163 N.W.2d 196, 198–99 (1968). It increases what otherwise would be the maximum term of imprisonment for a crime in order to provide additional punishment for persons who have repeatedly failed to abide by the law. *State v. Harris,* 119 Wis. 2d 612, 619, 350 N.W.2d 633, 637 (1984). And because it establishes a new and increased maximum prison term for the crime, it is entirely legitimate to look to the repeater-enhanced sentence to determine the maximum term of imprisonment for, in turn, the purpose of determining the allowable length of probation under sec. 973.09(2)(b)1, Stats.

Wicks does not challenge the trial court's exercise of that discretion in this case.

*By the Court.*—Judgment and order affirmed.