STATE of Wisconsin, Plaintiff-Respondent,

v.

John DOE, Defendant-Appellant.

Court of Appeals

*No. 04–0773–CR. Submitted on briefs January 4, 2005.— Decided March 22, 2005.*

2005 WI App 68

(Also reported in 697 N.W.2d 101.)

731

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Amelia L. Bizzaro* of *Bizzaro Law Office*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gregory M. Weber*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Fine, Curley and Kessler, JJ.

¶ 1. CURLEY, J. John Doe[1] appeals the judgment convicting him of carrying a concealed weapon, possession of a firearm by a felon, and felony bail jumping, each as a habitual criminal, contrary to Wis. Stat. §§ 941.23, 941.29(2), 946.49(1)(b), and 939.62 (2001–02).[2] He also appeals from the order denying his

---

[1] Because of the nature of this case, this court, on its own motion, has amended the caption to shield the defendant's identity. We also order that this court's file be sealed.

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

postconviction motion. The defendant argues that the trial court erred in ruling that key information he provided to law enforcement after sentencing, leading to a second-degree murder conviction, did not constitute a new factor permitting a modification of his sentence. The defendant also submits that the trial court erroneously exercised its discretion when it denied his request to file his postconviction motion under seal, because it prevented him from quoting from the sealed sentencing transcript. We agree that a defendant's substantial and important assistance to law enforcement after sentencing may constitute a new factor that the trial court can take into consideration when deciding whether modification of a sentence is warranted, and thus, we reverse. Because the trial court gave no reason for its denial of the defendant's request that he be allowed to file his postconviction motion under seal, and the denial prohibited the defendant from quoting from the sealed sentencing transcript, we must conclude that the trial court erroneously exercised its discretion. Consequently, we reverse and remand this matter to the trial court, with directions that the defendant be allowed to supplement his postconviction motion under seal.

## I. BACKGROUND.

¶ 2. While driving a car, the defendant was stopped for having a defective rear registration lamp and for failing to have a driver's side rear view mirror. When the officer approached, he recognized the defendant, and asked him if he had any guns. The defendant admitted to having a gun in his waistband. He was arrested for carrying a concealed weapon. At the time of the arrest, the defendant, who was a convicted felon, was out on bond for a charge of maintaining a drug

trafficking place. Consequently, he was also charged with one count of possession of a firearm by a felon and one count of felony bail jumping. After bringing an unsuccessful challenge to the traffic stop, the defendant pled guilty to all three charges. There were no plea negotiations. The trial court ordered a presentence investigation report.

¶ 3. At sentencing, the trial court heard the proceeding in chambers and ordered the transcript sealed. The court heard from a member of law enforcement who discussed the defendant's significant assistance to law enforcement in several major investigations that led to numerous arrests and the recovery of weapons and illicit drugs. The trial court proceeded to sentence the defendant to two years of confinement, followed by two years of extended supervision for the felon in possession of a firearm charge; two years of confinement and three years of extended supervision for the felony bail jumping charge, to be served consecutive to count one; and nine months in the House of Correction for the carrying a concealed weapon charge, to be served concurrent with the other sentences.

¶ 4. Shortly after his sentencing, the defendant provided information to law enforcement that solved a murder that had previously been considered an accident. The murderer was convicted almost entirely on information supplied by the defendant. The defendant filed a motion seeking an order permitting his postconviction motion to be filed under seal, as the sentencing transcript had been sealed and he was therefore prohibited from quoting from the transcript without an order sealing the motion. The request was denied without an explanation or a hearing. The defendant

then filed a postconviction motion,[3] in which he sought a modification of his sentences based on a new factor— that he supplied valuable information to the police concerning the previously unsolved homicide. The trial court determined that the new information provided to law enforcement was not a new factor because the trial court, as we conclude in this opinion, mistakenly believed that "a new factor must be something which existed at the time of sentencing but [was] not known to the trial court."

## II. ANALYSIS.

■■■■■

¶ 5. The trial court has the discretion to modify a sentence if the defendant presents a new factor. *See State v. Macemon*, 113 Wis. 2d 662, 668, 335 N.W.2d 402 (1983). A new factor is a:

> fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). A new factor must be an event or development that frustrates the purpose of the original sentence. *State v. Johnson*, 210 Wis. 2d 196, 203, 565 N.W.2d 191 (Ct. App. 1997). The defendant bears the burden of establishing the existence of a new factor by clear and convincing evidence. *State v. Michels*, 150 Wis. 2d 94,

---

[3] In his motion, he also argued that the Department of Corrections was misinterpreting the trial court's oral pronouncement that the sentence for the carrying a concealed weapon conviction was to be served concurrent with the other two sentences. The trial court granted that part of his motion, and it is not part of this appeal.

97, 441 N.W.2d 278 (Ct. App. 1989). Whether a set of facts constitutes a new factor is a question of law that we review *de novo*. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989).

¶ 6. Thus, sentence modification on the basis of a new factor is a two-step process. *Id.* First, the defendant must demonstrate, by clear and convincing evidence, that there is a new factor justifying a motion for sentence modification. *See id.* at 8–9. If the defendant demonstrates the existence of a new factor, the trial court is then obliged to determine whether the new factor justifies modification. *See id.* at 8. In other words, in order to succeed on a claim for sentence modification based on a new factor, an inmate must prevail in both steps of the new factor analysis by proving the existence of a new factor and that it is one which should cause the trial court to modify the original sentence. *Id.*

¶ 7. While the trial court explained, in its post-sentencing decision, its purposes for sentencing the defendant in the manner it did, and concluded that modification was not warranted, the trial court did so while operating under the mistaken belief that a new factor had to be something in existence at the time of sentencing. Finding that the evidence came into existence after sentencing, the trial court denied the motion. Consequently, the trial court's analysis was flawed. The holding in the seminal case of *Rosado* clearly provides that a new factor may be something that comes into existence after the sentencing proceeding has been held. Indeed, in *State v. Ramuta*, 2003 WI App 80, 261 Wis. 2d 784, 661 N.W.2d 483, this court stated: "Our recent decision in *State v. Norton*, 2001 WI App 245, 248 Wis. 2d 162, 635 N.W.2d 656, is an excellent example of

how something that happens after sentencing can be a new factor warranting sentencing modification because it frustrates what the sentencing court wanted the sentence to accomplish." *Ramuta*, 261 Wis. 2d 784, ¶ 10.

¶ 8. Remarkably, there are no published cases in Wisconsin touching on whether post-sentencing substantial assistance to law enforcement is a new factor. We have looked to federal law for guidance, and have found it particularly instructive. The Federal Rules of Criminal Procedure specifically address post-sentencing assistance to law enforcement as an appropriate factor for possible sentence modification. *See* FED. R. CRIM. P. 35(b)(1)(A). RULE 35(b)(1)(A) expressly authorizes a reduction in a sentence if "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."[4] *Id.*

¶ 9. A similar provision is found in the Federal Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 (2004). While § 5K.1.1 concerns sentence reductions for substantial assistance given to authorities before sentencing and affects the imposition of the original sentence, we find the enumerated considerations quite helpful in determining whether the post-sentencing assistance constitutes a new factor for the purposes of a postconviction motion for sentence modification as well. It provides:

**§ 5K1.1 Substantial Assistance to Authorities (Policy Statement)**

. . . .

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

---

[4] Additionally, the reduction must also be in accord with the Sentencing Commission's guidelines and policy statements.

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

We adopt these factors for the court's use in assessing whether the assistance constitutes a new factor.

¶ 10. We are satisfied that the broader rule of permitting the trial court, in appropriate cases, to modify a sentence after substantial assistance has been given to authorities, promotes sound public policy. Sentence modification should be available to those already sentenced who possess and can provide valuable information to law enforcement to assist in ferreting out and curtailing crime. To limit sentencing credit to only those facing sentences will act as a disincentive for prisoners to contact law enforcement when they either possess or come to possess valuable information that could prevent crimes or bring the guilty to justice. Indeed, permitting trial courts to modify sentences in this manner will also address some of the concerns expressed in *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, about sentencing discretion in light of truth-in-sentencing changes:

Under truth-in-sentencing legislation, the executive role has been diminished with the elimination of parole.

The legislative role is limited to setting the parameters of the penalty. As a result, the judiciary's responsibility for ensuring a fair and just sentence has significantly increased.

. . . .

Previously the sentencing court had only modest control over the length of time actually spent in prison. Judges were thought to possess inadequate information to address the future progress of the inmate. Instead, only prison officials with sustained contacts with the inmate were thought to be in a position to determine if the rehabilitative efforts had been successful. Likewise, if the inmate was determined to be incorrigible over the years, it was thought that the on-the-scene prison officials advising the parole board were better positioned to assess the inmate's dangerousness and commensurate need for additional prison time.

Parole boards, in essence, served as a check on sentencing courts' exercise of discretion. Under truth-in-sentencing legislation, parole is abolished and that check is removed.

*Id.*, ¶¶ 28, 32–33. In light of these conclusions, clearly the supreme court envisioned the trial court's need to have greater discretion in sentencing. Thus, we remand this matter for the trial court to apply the second part of the *Franklin* two-part test to determine whether the defendant is deserving of a sentencing reduction in light of his post-sentencing assistance.

¶ 11. We next address the defendant's allegation that the trial court erroneously exercised its discretion when it denied his request to file his sentence modification motion under seal. "Documents are presented under seal precisely so that their secrecy might be

preserved and disclosure to the public might be prevented." *State v. Gilmore*, 201 Wis. 2d 820, 833, 549 N.W.2d 401 (1996).

> The [trial] court under its inherent power to preserve and protect the exercise of its judicial function of presiding over the conduct of judicial proceedings has the power to limit public access to judicial records when the administration of justice requires it. ...
>
> .... The [trial] court initially, and the appellate court on review, must decide as a matter of law whether the reasons asserted for closure are sufficient.

*State ex rel. Bilder v. Township of Delavan*, 112 Wis. 2d 539, 556–57, 334 N.W.2d 252 (1983).

¶ 12. The defendant explained that he sought such an order so that he could quote from the sealed sentencing transcript. The trial court denied this request without giving its reason or holding a hearing. Without any explanation from the trial court as to its reasons for the denial, the defendant was prohibited from quoting from the sentencing transcript. Having no explanation of the court's decision, and noting that the defendant appears to have been severely restrained in presenting his request for sentence modification, we conclude that the trial court erroneously exercised its discretion in denying the request. On remand, we order the trial court to allow the defendant to supplement his motion under seal. For the reasons stated, we reverse the trial court and remand with directions.

*By the Court.*—Judgment affirmed; order reversed and cause remanded with directions.