**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 30, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP2163-CR**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN DOE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Brennan and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. John Doe appeals a judgment convicting him of second-degree sexual assault. He also appeals the circuit court's order partially

denying his motion for sentence modification. Doe argues that: (1) there are new factors that warrant sentence modification; (2) the circuit court misused its discretion when it reduced his sentence by one year; and (3) he received ineffective assistance of counsel. We reject these arguments. Accordingly, we affirm.

¶2 As a preliminary matter, we address why the record and this court's file are sealed and the appellant's identity is shielded. The public policy of this state generally favors open records. *See* **State ex rel. Bilder v. Township of Delavan**, 112 Wis. 2d 539, 553-54, 334 N.W.2d 252 (1983). However, the circuit court has inherent power to "limit public access to judicial records when the administration of justice requires it." *Id.* at 556. The party seeking to close the records bears the burden of showing that the administration of justice so requires, and it is generally the circuit court that should initially decide if the reasons asserted suffice. *See id.* at 556-57. Here, the circuit court sealed the record and docket entries to protect the defendant's safety without objection by the State. *See* WIS. STAT. 801.21 (2017-18).[1]

¶3 When the circuit court seals record items, they remain under seal when they are transmitted to this court on appeal. *See* WIS. STAT. § 801.21(9). After the appellate record was transmitted to this court under seal, the appellant moved this court to seal this court's file in addition to the already sealed record. The State did not object. Because the circuit court had previously sealed the record and docket entries without State objection, and the State did not object to

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

sealing our file, we agreed that our file should be sealed in our order of February 2, 2018. In addition to sealing our file, we ordered that the appellant be referred to in the captions and briefs by the pseudonym John Doe to shield his identity in accord with *State v. Doe*, 2005 WI App 68, ¶1 n.1, 280 Wis. 2d 731, 697 N.W.2d 101.

¶4      Turning to the substantive issues raised by this appeal, Doe was charged with multiple crimes stemming from two gang rapes and armed robberies of separate victims that occurred over a two-week period in May 2013. Doe pled guilty to one count of second-degree sexual assault with use of force, as a party to a crime, pursuant to a plea agreement that dismissed and read-in the other charges. The circuit court sentenced Doe to twenty-five years of imprisonment, with fifteen years of initial incarceration and ten years of extended supervision. Doe moved for postconviction relief, arguing that there were new factors warranting sentence modification. The circuit court denied Doe's motion in part and held a hearing on Doe's remaining claim. After the hearing, the circuit court reduced the initial incarceration portion of Doe's sentence by one year.

¶5      Doe argues on appeal that there are several new factors that warrant sentence modification. A new factor is "a fact or set of facts" that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted). Whether a new factor exists is a question of law that this court reviews independently. *Id.*, ¶36. "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *Id.* First, the defendant must show the existence of a new factor by clear and convincing evidence. *Id.* Second, if the

circuit court determines that a new factor exists, the circuit court must determine whether the new factor warrants sentence modification. *Id.*, ¶37.

¶6      Doe first argues that there is a new factor based on documents he recently discovered that he contends corroborate his claim that he and his co-actors hired the victim of the dismissed and read-in charges as a prostitute. Doe offers material purportedly showing an advertisement the now-deceased victim posted in an on-line forum offering "sexy fun" in exchange for a donation.

¶7      This information is not a new factor warranting resentencing because it is not highly relevant to sentencing. There is no connection between the purported advertisement and Doe's actions in this case. Regardless of whether the first victim was a prostitute, Doe and his co-actors brutally assaulted her and robbed her at gunpoint. As the circuit court explained in denying Doe's postconviction motion, even if the information had been available at sentencing, it would not have mitigated the seriousness of the offense.

¶8      Doe next argues that his offer to assist the State with the prosecution of the two co-defendants is a new factor warranting sentence modification. We disagree. The district attorney informed the circuit court at Doe's sentencing that as part of his plea agreement Doe had agreed to cooperate with the State to prosecute his co-actors. The district attorney further informed the circuit court that Doe had been debriefed by the police. The circuit court was therefore aware of Doe's offer to assist with the prosecutions when it sentenced Doe. Because the circuit court was aware of this information, it does not constitute a new factor. *See id.*, ¶40 (a new factor is information that was unknowingly overlooked by all of the parties).

¶9    Doe next argues that there is a new factor because Dr. Anthony Jurek evaluated him after sentencing and provided a psychological assessment about his recidivism risk. Dr. Jurek's report is not a new factor. It is an expert *opinion* based largely on previously known facts about Doe. *See **State v. Sobonya***, 2015 WI App 86, ¶¶3, 8, 365 N.W.2d 559, 872 N.W.2d 134. Even if the report constituted a new factor, the circuit court concluded that sentence modification was not warranted because the assessment tool used by Dr. Jurek was not, in the circuit court's view, able to "reliably determine the actual extent of the risk the defendant poses to the community" given the particular circumstances of this case. Doe therefore is not entitled to sentence modification based on Dr. Jurek's report.

¶10    Doe next argues that the circuit court misused its discretion when it reduced his sentence by one year for his assistance to law enforcement during postconviction proceedings. Doe contends that the circuit court did not sufficiently articulate its rationale for deciding to reduce the sentence by one year.

¶11    The circuit court's stated rationale for its ruling was admittedly sparse. However, we may independently search the record to find support for the circuit court's decision. *See **State v. Ramel***, 2007 WI App 271, ¶26, 306 Wis. 2d 654, 743 N.W.2d 502. At the hearing on the motion to modify Doe's sentence, Doe presented detailed information about his willingness to assist the State. In addition to providing information to detectives after he was sentenced, Doe was brought from prison to the jail to be available to testify at trial against one of his co-actors if needed. Although the co-actor ultimately pled guilty, the circuit court noted that Doe could have and would have testified against his co-actor if needed and, therefore, deserved a reduction in his sentence. We conclude that the record

5

supports the circuit court's decision to reduce the fifteen-year sentence by one year based upon the assistance provided by Doe which, ultimately, was rather limited.

¶12    Finally, Doe argues that he received ineffective assistance of trial counsel during his sentencing hearing because counsel should have argued for a lower sentence based on his assistance to law enforcement and should have introduced an expert opinion about his recidivism risk, such as the report by Dr. Jurek.  To prove a claim of ineffective assistance of counsel, a defendant must show that his lawyer performed deficiently and that this deficient performance prejudiced him.  *See* ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).  A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground.  ***Id.*** at 697.

¶13    Doe's claim fails because he cannot show that he was prejudiced by counsel's omissions.  To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  ***Id.***, at 694.  The circuit court was aware of Doe's willingness to cooperate with law enforcement, as explained above.  The circuit court stated in its order denying the postconviction motion that it placed little credence in the assessment tool used by Dr. Jurek.  Therefore, Doe is unable to show that the result of his sentencing would have been different had counsel provided the foregoing information to the court.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.