# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 26, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP560-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CF828

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

PIERRE CARDELL BROWN,

      DEFENDANT-APPELLANT.

APPEAL from an order and a judgment of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Pierre Cardell Brown appeals a judgment of conviction for two counts of second-degree reckless homicide with the use of a dangerous weapon as a party to the crimes.  Brown also appeals from the order denying his motion for sentence modification.  Brown contends that his post-sentencing assistance to law enforcement constitutes a new factor warranting sentencing modification.  Upon review, we affirm.

## BACKGROUND

¶2     In 2015, Brown pled guilty to two counts of second-degree reckless homicide with the use of a dangerous weapon as a party to the crimes.  At the sentencing hearing, the circuit court gave Brown credit for two events that took place while Brown was incarcerated pretrial.  The court acknowledged that Brown intervened in a jailhouse assault on a guard and that Brown offered to testify against an inmate who smuggled a firearm into the Milwaukee County Jail.  The court stated that it "put[] a lot of weight on" Brown's efforts, but also discussed the lives lost as a result of Brown's actions.  The court sentenced Brown to seventeen years of initial confinement and ten years of extended supervision for each homicide, to run consecutively.

¶3     In December 2019, Brown moved for sentence modification, arguing that he provided "significant" post-sentencing assistance to law enforcement in the investigation of two unsolved murders, leading to the arrest of three perpetrators—Regis Grice, Cartrell Romel Kimble, and Joseph Berry-Williams.  Specifically, the motion stated that Brown "repeatedly debriefed law enforcement on [the murders]," leading to the identification and arrest of the perpetrators, one of whom was Brown's friend.  The motion also stated that Brown testified in Grice's trial, was willing to testify in the other two trials, and proffered incriminating testimony for

Berry-Williams's trial, which had not yet taken place. Brown further alleged that his cooperation with law enforcement led to a prison fight that forced him to be relocated to a prison in Minnesota and that his mother had received threats that resulted in her moving to Illinois.

¶4 The State opposed the motion, noting that it had given Brown a proffer letter with respect to the information he provided indicating that if the information he offered led to charges against the perpetrators, Brown could bring a motion for sentence modification and the State would advise the circuit court about Brown's cooperation and leave any sentence modification to the court's discretion. The letter also stated that Brown's failure to cooperate would render the proffer letter null and void. The State also noted that during Grice's trial (the first trial), Brown and his attorney met with the prosecutor and a detective "[t]o attempt to negotiate consideration that the State might [offer Brown] in exchange for his testimony," and that Brown "was not satisfied with the way that negotiations were going" and would likely refuse to testify. (Bolding omitted.) The State further stated that when Brown took the stand in Grice's trial, he failed to testify consistent with his earlier statements to police, instead answering "I don't recall," "I don't remember," or "[i]t's a possibility" to numerous questions. (Bolding omitted.) Brown then refused to testify at Kimble's trial and the State subsequently informed Brown that he would not be called as a witness at Berry-Williams' trial.

¶5 At a hearing on the motion, Brown told the circuit court that he did not remember details when he took the stand at Grice's trial because he was afraid for his life. Brown testified that he agreed to testify in Kimble's trial, though his counsel acknowledged that the motion for modification stated that he had refused. Brown further admitted that he did not know whether the prison attack was related to his cooperation with law enforcement, acknowledging that it might have been

related to his cooperation in the smuggled firearm case or his intervention in the attack on the corrections officer. At the close of the hearing, the circuit court directed each party to file proposed findings of fact and conclusions of law.

¶6 The circuit court adopted the State's findings of fact and conclusions of law and denied the modification motion. This appeal follows.

**DISCUSSION**

¶7 On appeal, Brown contends that the circuit court erroneously denied his motion for sentence modification because his post-sentencing assistance to law enforcement constitutes a new factor warranting sentence modification. We disagree.

¶8 A defendant alleging a new factor has the burden to show by clear and convincing evidence that a new factor exists. *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Id.*, ¶40 (quotation marks omitted). The existence of a new factor alone does not, however, entitle a defendant to sentence modification. *Id.*, ¶37. Rather, the decision to modify a sentence upon proof of a new factor lies in the circuit court's discretion. *Id.* "Thus, to prevail, the defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence." *Id.*, ¶38. If a defendant fails to make an adequate showing as to one component of the analysis, the circuit court need not address the other. *Id.*

¶9 "Whether a set of facts constitutes a new factor is a question of law that we review *de novo*." **State v. Doe**, 2005 WI App 68, ¶5, 280 Wis. 2d 731, 697 N.W.2d 101. By contrast, we review with deference the circuit court's discretionary determination of whether a new factor warrants sentence modification. *See* **State v. Verstoppen**, 185 Wis. 2d 728, 741, 519 N.W.2d 653 (Ct. App. 1994). We will sustain a discretionary decision if it is reasonably based on the facts of record and an appropriate application of the law. *See* **id.** Our role as an appellate court is to search the record for reasons to sustain a circuit court's discretionary decision. *See* **State v. Thiel**, 2004 WI App 225, ¶26, 277 Wis. 2d 698, 691 N.W.2d 388.

¶10 "[A] defendant's substantial and important assistance to law enforcement after sentencing may constitute a new factor" for sentence modification purposes. **Doe**, 280 Wis. 2d 731, ¶1. The analysis of whether the claimed assistance constitutes a new factor includes consideration of five criteria: (1) the significance and usefulness of the assistance and the State's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of the defendant's information or testimony; (3) the nature and extent of the assistance; (4) any injury or risk of injury incurred by the defendant or his family as a consequence of the assistance; and (5) the timeliness of the assistance. **Id.**, ¶9.

¶11 We conclude that the record supports the circuit court's denial of Brown's motion for sentence modification. With regard to Brown's cooperation in Grice's conviction, the circuit court found that Brown provided cumulative information because multiple other witnesses came forward and identified Grice as one of the perpetrators. When the matter went to trial, Brown failed to answer numerous questions on the witness stand and sought further negotiations with the State. With regard to the other perpetrators, the circuit court found that information provided by Brown did not lead to the charges filed against Kimble and Berry-

Williams; that Brown's testimony about being willing to testify against Kimble was not credible; and that the State did not call Brown as a witness in Berry-Williams's trial because of Brown's failure to previously cooperate. The court further found that Brown failed to establish any risk of injury to himself or his family and that Brown's assistance was not timely. The circuit court properly evaluated all of the *Doe* factors and found that Brown failed to satisfy his burden. In short, the circuit court properly exercised its discretion.

¶12 For the foregoing reasons, we affirm the judgment of conviction and the order denying Brown's motion for sentence modification.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.