# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** 2022AP2126-CR
2022AP2127-CR

Cir. Ct. Nos. 1992CF279
1993CF95

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHAD E. MILLER,

   DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Walworth County: DAVID M. REDDY, Judge. *Affirmed.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Chad E. Miller, pro se, appeals orders denying his WIS. STAT. § 974.06 motion and his motion for reconsideration. On appeal, Miller argues he is entitled to resentencing because the circuit court erroneously exercised its sentencing discretion, did not establish a proper factual basis in relation to Miller's theft plea, and imposed a length of probation that exceeded the statutory maximum. Miller also asserts he is no longer obligated to pay restitution toward the theft charge and complains that the Department of Corrections ("DOC") has been improperly taking money from his trust fund account. Finally, Miller argues he provided substantial assistance to law enforcement and his assistance constitutes a new factor that justifies resentencing. We reject Miller's arguments and affirm.

## BACKGROUND

¶2 In 1992, Miller and a co-actor broke into a pharmacy and stole two garbage bags full of drugs. Miller was charged with burglary and theft of property greater than $2,500, both as a party to a crime and a repeater. Miller subsequently broke out of jail and was charged with escape. Miller pled guilty to the charged offenses, and the parties made a joint sentencing recommendation, which the court imposed as requested. Miller was sentenced to a total of eight years' imprisonment on the burglary and escape charges. On the theft charge, the circuit court imposed and stayed a sixteen-year prison sentence in favor of sixteen years' probation. The circuit court ordered $4,764.79 in restitution. Miller did not appeal his convictions.

¶3 Miller was revoked from probation in 2018. In June 2022, he moved for resentencing. As relevant, Miller argued the circuit court failed to exercise its discretion at sentencing and a new factor justified resentencing—specifically,

Miller argued he provided substantial assistance to law enforcement. Because he was now incarcerated for the theft charge, Miller also suggested he was no longer obligated to pay restitution toward that charge. He then filed an addendum to his motion, arguing there was no factual basis established at his plea and sentencing hearing regarding the stolen property and its value.

¶4    The circuit court denied Miller's motion. Miller moved for reconsideration on the basis that the circuit court failed to address all of his arguments in its decision. He also argued that the term of probation imposed for the theft charge exceeded the statutory maximum. The circuit court denied his motion, and Miller appeals. Additional facts will be included below.

## DISCUSSION

¶5    On appeal, Miller argues he is entitled to resentencing because the circuit court erroneously exercised its sentencing discretion, failed to establish a factual basis regarding the stolen property, and imposed a length of probation that exceeded the statutory maximum. He also asserts he is no longer obligated to pay restitution toward the theft charge and complains the DOC has been improperly taking money from his trust fund account. Finally, Miller argues he provided substantial assistance to law enforcement and his assistance constitutes a new factor that justifies resentencing. We address each argument in turn.

## I.    Sentencing discretion

¶6    Miller first argues the circuit court erred at sentencing because it did not exercise its discretion by stating its reasons for the sentence imposed on the record. The State responds, in part, that Miller cannot challenge his sentence because it is the very sentence he requested. We agree.

3

¶7  At the combined plea and sentencing hearing, Miller's counsel advised the circuit court that on the escape charge:

> We're recommending jointly four years in Wisconsin State Prison, that's consecutive to any other sentence. On count number one in 92 CF 279 [the burglary charge], we're recommending four years Wisconsin State Prison consecutive to that so the total sentence would be eight years.
>
> On count two [the theft charge] we're jointly recommending sixteen years in the Wisconsin State Prison consecutive, imposed and stayed, sixteen year period of probation.

Miller confirmed to the circuit court this was his understanding of the agreement. The circuit court then imposed the jointly requested sentence.

¶8  Because Miller affirmatively approved the sentence, he cannot now attack it on appeal. *See* ***State v. Scherreiks***, 153 Wis. 2d 510, 518, 451 N.W.2d 759 (Ct. App. 1989) (holding that a defendant may not challenge on appeal a sentence he or she affirmatively approved). We reject Miller's argument that the circuit court erroneously exercised its sentencing discretion.

## II.  Factual basis regarding the stolen property

¶9  Miller next argues that his theft sentence is "not sustainable" because the State did not "prove," and the circuit court did not ascertain on the record, which drugs Miller stole and the value of those drugs. Miller wants this court to remand for resentencing as a misdemeanor. *See* ***White v. State***, 85 Wis. 2d 485, 493, 271 N.W.2d 97 (1978) (remanding for resentencing because there was no factual basis for the felony-level value of stolen property identified in the complaint).

4

¶10 According to WIS. STAT. § 943.20(3) (1991-92), the penalties for someone who committed "theft" were:

> (a) If the value of the property does not exceed $1,000, is guilty of a Class A misdemeanor.
>
> (b) If the value of the property exceeds $1,000 but not $2,500, is guilty of a Class E felony.
>
> (c) If the value of the property exceeds $2,500, is guilty of a Class C felony.

Miller was charged with, and pled guilty to, theft of property of a value in excess of $2,500, which was a Class C felony.

¶11 At the outset, because Miller pled guilty to the theft charge, the State was not required to "prove" anything in Miller's case. *See **State v. Black***, 2001 WI 31, ¶15, 242 Wis. 2d 126, 624 N.W.2d 363 (observing a defendant who pleads guilty gives up the right to require the State to prove his or her guilt beyond a reasonable doubt). However, in taking Miller's plea, the circuit court was required to find that a factual basis existed for the plea. *See **White***, 85 Wis. 2d at 491. "A factual basis must be established to: '… protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" ***Id.*** (citation omitted).

¶12 In ***White***, White pled to, and was sentenced for, theft of property (a chainsaw) with a value of $150. ***Id.*** at 487. Because the reported value of the chainsaw exceeded $100, White was subject to a felony penalty. ***Id.*** at 488-89. At the plea hearing, however, "No mention of the value of the saw was made in the prosecutor's testimony which was submitted to provide a factual basis for the plea." ***Id.*** at 489-90. On appeal, the court concluded there was "no evidence in

this record to support a finding that there is a factual basis to establish the value of the chain saw at $150." *Id.* at 492. The *White* court reversed and remanded for the imposition of a sentence as a misdemeanor. *Id.* at 493.

¶13    This case is distinguishable from *White* because the record supports that Miller stole a vast quantity of drugs and controlled substances whose value exceeded $2,500. First, Miller's trial counsel stipulated there was a factual basis for Miller's guilty pleas to the charged offenses. *See Black*, 242 Wis. 2d 126, ¶13 (defense counsel's stipulation to facts of record sufficient to satisfy factual basis requirement).

¶14    Second, the criminal complaint includes a detailed list of all the drugs and controlled substances that the director of the pharmacy reported stolen. The list includes approximately fifty prescription drugs and controlled substances as well as the amount taken of each. The director advised police the approximate value of those drugs and substances was $3,500, which is well above the $2,500 threshold. The complaint also explains that a witness, E.H., saw Miller and his co-actor with "two garbage bags full of drugs" and "both told her that they had broken into the Lakeland Medical Center and had stolen the drugs." *See State v. Thomas*, 2000 WI 13, ¶21, 232 Wis. 2d 714, 729, 605 N.W.2d 836 ("A factual basis may also be established through witnesses' testimony, or a prosecutor reading police reports or statements of evidence."). Moreover, the affidavit of restitution submitted in response to Miller's theft indicates the value of the stolen drugs was $3,371.19. *See White*, 85 Wis. 2d at 491 (in evaluating whether the plea lacks a factual basis, "this court may consider the whole record."). Based on the record in this case, we conclude a factual basis was established for Miller's plea to theft of property with a value in excess of $2,500.

## III.    Length of Probation

¶15    Miller next argues the sixteen-year term of probation on his theft conviction exceeded the maximum allowed by statute. The State responds, in part, that Miller's term of probation did not exceed the statutory maximum. We agree.

¶16    On the theft charge, the circuit court imposed and stayed a sixteen-year prison sentence in favor of sixteen years' probation. At the time of Miller's sentence, the applicable probation statute, WIS. STAT. § 973.09(2)(b)1. (1991-92), provided that the maximum term of probation was "the statutory maximum term of imprisonment for the crime …." *See also **State v. Wicks***, 168 Wis. 2d 703, 706-07, 484 N.W.2d 378 (Ct. App. 1992) ("The maximum term of probation under [§] 973.09(2)(b)1 … is the 'maximum term of imprisonment' for the crime.").

¶17    Here, as relevant, Miller was convicted of theft of property exceeding $2,500 in value, a Class C felony, as a repeater. *See* WIS. STAT. §§ 943.20(1)(a), (3)(c) (1991-92); 939.62(1)(b) and (2) (1991-92). At that time, the maximum term of imprisonment for a Class C felony was ten years. WIS. STAT. § 939.50(3)(c) (1991-92). The repeater penalty enhancer increased the maximum sentence by not more than six years if the prior conviction was for a felony, which it was in this case. *See* § 939.62(1)(b) (1991-92). Therefore, Miller's sixteen-year term of probation was authorized by the statutes. *See* WIS. STAT. § 973.09(2)(b)1. (1991-92); *see also **Wicks***, 168 Wis. 2d at 707 n.3 ("[I]t is entirely legitimate to look to the repeater-enhanced sentence to determine the maximum term of imprisonment for … the purpose of determining the allowable length of probation.").

7

## IV.     Restitution

¶18     Miller then argues the DOC is illegally deducting his restitution obligations from his prison funds.  First, it is apparent that Miller believes he no longer has a restitution obligation for the theft charge because he is now incarcerated for the offense.  In his circuit court filings, he cited *Garski v. State*, 75 Wis. 2d 62, 74-75, 248 N.W.2d 425 (1977) and *State v. Kaster*, 148 Wis. 2d 789, 802, 436 N.W.2d 891 (Ct. App. 1989).  Both of those cases held that, under the law then in effect, restitution could not be imposed for an offense for which a defendant was sentenced to prison.  That changed, however, by the enactment of the restitution statute, WIS. STAT. § 973.20, which applies to persons who commit crimes on or after September 1, 1988.  *See* 1987 Wis. Act 398, § 44. Section 973.20(1) (1991-92) provides, in relevant part:

> Restitution ordered under this section is a condition of probation or parole served by the defendant for the crime. After the termination of probation or parole, or if the defendant is not placed on probation or parole, restitution ordered under this section is enforceable in the same manner as a judgment in a civil action by the victim named in the order to receive restitution or enforced under [WIS. STAT.] ch. 785.

The theft crime for which Miller was ordered to pay restitution occurred between November 21 and 22, 1991, which subjects him to § 973.20(1).  His restitution obligation continues even though he is incarcerated for the theft.

¶19     As to Miller's argument regarding the DOC's collection of restitution from his trust fund account, this argument is not properly before this court.  *See State v. Williams*, 2018 WI App 20, ¶1, 380 Wis. 2d 440, 909 N.W.2d 177.  "Once an inmate is sentenced to prison, he or she is under the control of the executive branch and must address his or her objections to the internal operating

procedures of the DOC through the ICRS [inmate complaint review system], WIS. ADMIN. CODE [§] DOC 310, and then, if necessary, by writ of certiorari to the circuit court." *Id.*, ¶4. This appeal is not before us on a review of a petition for writ of certiorari and we do not address this argument further.

## V.    Substantial assistance to law enforcement

¶20    Finally, Miller argues he is entitled to sentence modification based on a "new factor"—specifically, his assertion that he provided substantial assistance to law enforcement. Wisconsin circuit courts have inherent authority to modify sentences based on the existence of a new factor. *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. To prevail on a motion for sentence modification, the defendant must show, by clear and convincing evidence, "both the existence of a new factor and that the new factor justifies modification of the sentence." *Id.*, ¶¶36, 38. A defendant's "substantial and important assistance to law enforcement after sentencing may constitute a new factor that the trial court can take into consideration when deciding whether modification of a sentence is warranted." *State v. Doe*, 2005 WI App 68, ¶1, 280 Wis. 2d 731, 697 N.W.2d 101.

¶21    Courts consider the following five factors when deciding "whether the post-sentencing assistance constitutes a new factor for the purposes of a postconviction motion for sentence modification":

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;

9

(4) any injury suffered, or any danger or risk of injury to
the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

*Id.*, ¶9 (citation omitted).

¶22    In cases where the convicted defendant's assistance has been deemed substantial, the defendant repeatedly cooperated with law enforcement and followed through with his or her commitments to police. For example, in *Doe*, the defendant "provided information to law enforcement that solved a murder that had previously been considered an accident," and "[t]he murderer was convicted almost entirely on information supplied by the defendant." *Id.*, ¶4. As another example, in *United States v. Smith*, 359 F. Supp. 2d 771, 774-75 (E.D. Wis. 2005),[1] a defendant worked undercover to bust an illegal firearms dealer, persuaded "an individual wanted for felony theft to turn herself in," "provided information that led to the apprehension of a fugitive with multiple outstanding warrants," "provided information that led to the arrest of one of Milwaukee's most wanted criminals," and "obtained admissions from a murder suspect to two shootings" while wearing a wire.

¶23    In the circuit court, Miller argued he provided substantial assistance to law enforcement in two regards. Miller first asserted he "thwarted the attempted escape of a then accused murderer," Patrick Fowler,[2] while being

---

[1] The *Doe* factors are based on the Federal Sentencing Guidelines. *See State v. Doe*, 2005 WI App 68, ¶9, 280 Wis. 2d 731, 697 N.W.2d 101.

[2] A jury convicted Fowler of two counts of first-degree intentional homicide after he repeatedly stabbed his girlfriend and her four-year old daughter, killing them both. *State v. Fowler*, No. 2020AP247, unpublished slip. op. ¶¶1-2 (Aug. 31, 2021).

transported with Fowler. According to Miller, while being transported back to Wisconsin with other inmates, two inmates escaped out of the back of the transport vehicle. Miller prevented Fowler from escaping by blocking Fowler's exit and then securing the transport vehicle's inner gate. Miller also contended he provided substantial assistance to law enforcement because during transport Fowler provided details of his crimes to Miller who relayed those details to law enforcement.

¶24 The State responded to Miller's motion, arguing he was not entitled to sentence modification because his post-sentencing assistance was ultimately not "substantial" and therefore not a new factor under Wisconsin law. The State asserted that "the information Miller shared from his conversations with Fowler concerning his crime was already known to police through Fowler's confession to police, as well as the information police had at the time [the] criminal complaint was filed against Fowler." Further, "although Miller's assistance would have been helpful to corroborate the information already known to police, Miller refused to cooperate" and "disappeared when he was released from custody and police could not locate Miller to testify at trial." The State also emphasized that at the time of Miller's actions, he was being transported back to Wisconsin, after being extradited from Colorado, because Miller had absconded from his probation. Based on this information, the circuit court concluded Miller had not provided substantial assistance demonstrating a new factor.

¶25 On appeal, after applying the *Doe* factors to Miller's assertions, we conclude Miller has not shown by clear and convincing evidence that he provided help to law enforcement approaching the level of "substantial assistance." Miller's collective efforts in assisting law enforcement regarding Fowler were

11

undermined by Miller's choice to disappear once released from custody and not testify at Fowler's trial. Although he focuses his appellate arguments on his assertion that he prevented Fowler from escaping custody during the transport, Miller's account is entirely uncorroborated and Miller's credibility is suspect. Miller has a criminal history and, at the time of the escape, Miller himself was being returned to Wisconsin after absconding.

¶26    In any event, even if Miller's account of the thwarted escape is true, his momentary level of assistance is not on the same level as the defendants' assistance in ***Doe*** and ***Smith***, as discussed above. In these cases, the convicted defendants' assistance was sustained, consisting of repeated acts of cooperation, and those defendants followed through with their commitments to law enforcement. *See **Doe***, 280 Wis. 2d 731, ¶4; ***Smith***, 359 F. Supp. 2d at 774-75. We conclude Miller failed to meet his burden to show he provided substantial assistance constituting a new factor.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

12