STATE of Wisconsin, Plaintiff-Respondent,

v.

Frederic VERSTOPPEN, Defendant-Appellant.†

Court of Appeals

*No. 93–2673–CR. Submitted on briefs May 2, 1994.—Decided June 1, 1994.*

(Also reported in 519 N.W.2d 653.)

†Pe tition to review denied.

For the defendant-respondent the cause was submitted on the briefs of *William A. Pangman* of *Law Offices of William A. Pangman & Associates, S.C.* of Waukesha.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *Gregory Posner-Weber*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Frederic Verstoppen appeals a trial court order denying his motion to modify his sentence. Verstoppen contends that the trial court erroneously exercised its discretion by refusing to modify his sentence based on its conclusion that acquittal of the charges against him that resulted in his probation revocation, while a new factor, did not justify a modification of the sentence imposed upon his probation revocation. Verstoppen argues that (1) the trial court's refusal to modify his sentence impermissibly subjected him to double jeopardy and deprived him of his rights to due process and to a jury trial; (2) the trial court erroneously exercised its discretion by refusing to modify his sentence; and (3) the trial court's refusal to modify his sentence contravenes public policy because the sentence was based in part on statements he made

during psychological evaluations, which he was required to undergo as a probation condition.

We conclude that: (1) The sentence imposed following revocation did not violate the double jeopardy, due process or jury trial provisions of either the state or federal constitutions; (2) the trial court did not erroneously exercise its discretion by refusing to modify Verstoppen's sentence notwithstanding the fact that Verstoppen was acquitted of the charges that resulted in his probation termination; and (3) the trial court's consideration at sentencing of statements Verstoppen made as part of his court-ordered evaluation and treatment is not contrary to public policy. We therefore affirm the order.

## FACTS

In May 1990, Verstoppen pled guilty to one count of second-degree sexual assault of a child. The trial court withheld sentence and imposed a three-year term of probation. The probation conditions included a requirement that Verstoppen submit to psychiatric evaluation and treatment for sex offenders.

In November 1992, Verstoppen was charged with two counts of second-degree sexual assault of a child, which allegedly occurred in October 1992. In December 1992, Verstoppen's probation was revoked, based on the November second-degree sexual assault allegations.

In March 1993, the trial court held a hearing on the sentencing after revocation. The trial court sentenced Verstoppen to six and one-half years in prison. The trial court noted the similarity between the circumstances surrounding the charge for which Verstoppen was convicted and the November 1992 charges, which were still pending at the time of the

hearing. The trial court also found significant the testimony it heard concerning Verstoppen's admissions that he was sexually aroused by aggressive fantasies and choked the victim of the first assault while fondling her. These admissions occurred during a psychological evaluation. The trial court found that outpatient sex offender treatment had not been successful and that Verstoppen remained a danger to the community. The court also considered the purposes of the criminal justice system—rehabilitation, deterrence, punishment and protection of the public—in imposing sentence.

A jury subsequently found Verstoppen not guilty of the November 1992 sexual assault charges. In June 1993, Verstoppen moved the trial court to modify his sentence, based on his assertion that the acquittal was a new factor that warranted sentence modification. The trial court agreed that the acquittal was a new factor. The trial court noted that the new charges against Verstoppen "[were] not the only matter that this Court was focusing on in sentencing [Verstoppen] to the Wisconsin Prison System. It's very clear that other information was presented to the Court which convinced this Court at the time of sentencing that Frederic Verstoppen was a danger to the community."

The trial court denied Verstoppen's motion, concluding that his acquittal did not justify the modification of his sentence. In reaching this conclusion, the trial court made the following findings of fact and conclusions of law: (1) due process did not require a sentence modification based on the acquittal; (2) at the time of sentencing the trial court also considered allegations of sexual assault other than the November 1992 allegations, as well as testimony concerning Verstoppen's psychiatric evaluation; (3) that to be

734

successfully rehabilitated, Verstoppen needed treatment in a custodial setting; and (4) Verstoppen continues to be a danger to the community. The trial court summarized its findings as follows:

> While the Court is satisfied that the acquittal is a new factor, I'm satisfied that it does not justify a modification of the sentence in this case. The reasons for the sentence after revocation in March of 1993 focused on the need for treatment in a custodial setting due to the picture of [Verstoppen] that was presented at the sentencing hearing, that picture being a young man who is a danger in the community without that treatment. And, frankly, that same picture of [Verstoppen] is presented today. That picture is reinforced strongly by Dr. VanErd's [July 1993 psychological] evaluation report.
>
> And despite the fact of acquittal of the [November 1992 charges], I'm satisfied that [Verstoppen] continues to be in need of treatment in a custodial setting. I'm satisfied, in other words, that he continues to be a danger to others in the community until such treatment is actually provided to him.

Verstoppen appeals the trial court's refusal to modify his sentence. He does not appeal the probation revocation, his judgment of conviction or the trial court's exercise of its sentencing discretion at the probation revocation sentencing hearing.

## CONSTITUTIONAL CONCERNS

Verstoppen contends that the court's refusal to modify his sentence upon his subsequent acquittal of the offense underlying his probation revocation violates both the double jeopardy and due process

protections guaranteed by both the state and federal constitutions. Constitutional claims made where the facts are undisputed present a question of law that we review independently of the trial court's determination. *State v. Durbin*, 170 Wis. 2d 475, 482, 489 N.W.2d 655, 658 (Ct. App. 1992).

Verstoppen asserts that the sentence violates the double jeopardy clause's prohibition against twice punishing a defendant for the same offense. As a corollary argument, Verstoppen asserts that the doctrine of collateral estoppel precludes the imposition of a sentence when the probation revocation is based on an offense for which the defendant is subsequently acquitted. He argues that his subsequent acquittal of the offense underlying his probation revocation estops the State from asserting that Verstoppen re-offended. Both of these contentions are resolved by settled case law.

In *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 260 N.W.2d 727 (1978), our supreme court discussed revocation and its constitutional implications. The court determined that neither double jeopardy concerns nor the doctrine of collateral estoppel apply to probation revocation and sentencing upon revocation, even if the defendant is subsequently acquitted of the offense upon which his revocation was based. *Id.* at 386, 389, 260 N.W.2d at 733, 735. The court reasoned that probation revocation is not a criminal proceeding designed to punish a defendant for a newly charged wrong, but a proceeding to determine whether a probationer's "rehabilitation can be successfully achieved outside prison walls or will be furthered by returning him to a closed society." *Id.* at 385, 260 N.W.2d at 732-33. Importantly, the court also noted that "[t]he sentence [a probationer] is required to serve upon revocation is the *punishment for the crime of which [the*

*probationer] has previously been convicted"* and actually involves changing the manner of serving the previously imposed sentence. *Id.* at 386, 260 N.W.2d at 733 (emphasis added).

■

Although *Flowers* involved a parolee whose parole was revoked and sentence imposed after he was acquitted of the charges underlying the revocation, we see no reason to apply a different constitutional analysis because Verstoppen's acquittal of the charge underlying his revocation occurred after his probation revocation sentence had been imposed. Verstoppen concedes that a trial court at sentencing may consider evidence of unproven offenses as part of its determination of the defendant's character and need for incarceration and rehabilitation. *See State v. McQuay*, 154 Wis. 2d 116, 126, 452 N.W.2d 377, 381 (1990). Indeed, the facts of this case make the conclusion that collateral estoppel does not apply even more compelling than the facts in *Flowers*. At his probation revocation sentencing, the issue of Verstoppen's guilt of the charges underlying the revocation had not been decided. "Collateral estoppel applies only where it is reasonably clear that the issue in question has in fact been decided." *Flowers*, 81 Wis. 2d at 389, 260 N.W.2d at 735. Consistent with the holding in *Flowers*, therefore, we conclude that the trial court's sentencing Verstoppen upon his probation revocation did not invoke double jeopardy or the doctrine of collateral estoppel. Because double jeopardy and collateral estoppel concerns did not arise at Verstoppen's probation revocation sentencing, they also did not require the trial court to modify the sentence imposed based on Verstoppen's acquittal of the charges underlying the revocation.

737

Verstoppen contends, however, that because the trial court specifically articulated its consideration, as the basis for the sentence, "the purpose of the criminal justice system that relates to punishment," *Flowers* is no longer applicable. Verstoppen asserts that because the trial court considered the punitive aspects of sentencing, "the nature of the [probation revocation sentence] was significantly changed, lost its rehabilitative nature and was more appropriately characterized as punitive." The reasons the trial court articulated for the imposition of the sentence and the quantum of punishment imposed do not change the nature of the probation revocation sentencing proceedings. As the *Flowers* court stated, the sentence imposed upon revocation "is the punishment for the crime of which [the probationer] has previously been convicted" and is "a continuing consequence of the original conviction." *Id.* at 386, 260 N.W.2d at 733. The imposition of sentence upon revocation, while it presumably has some punitive aspect, is a determination that the probationer's rehabilitation would be furthered by placing him or her within a closed society. *See id.* at 385, 260 N.W.2d at 732.

For similar reasons, we conclude that the trial court's imposition of sentence did not violate Verstoppen's due process rights even though he was subsequently acquitted of the charges underlying his probation revocation. As we stated previously, a trial court at sentencing may consider evidence of unproven offenses as part of its determination of the defendant's character and need for incarceration and rehabilitation. *See McQuay*, 154 Wis. 2d at 126, 452 N.W.2d at 381. Thus, the trial court's consideration at the probation revocation sentencing hearing of the

circumstances surrounding the unproved charges did not deprive Verstoppen of due process.

Verstoppen contends, however, that due process and fundamental fairness required the trial court to modify his sentence upon his acquittal of the charges underlying his probation revocation. Verstoppen's acquittal, however, implicates the propriety of his probation revocation, not the appropriateness of the sentence imposed upon his revocation. Once a defendant's probation has been revoked, the trial court is free to impose sentence based upon that revocation. *See Flowers*, 81 Wis. 2d at 385-86, 260 N.W.2d at 733. Verstoppen has not challenged his probation revocation. Rather, Verstoppen has raised the narrow issue of whether his acquittal compels the trial court to modify the sentence it imposed upon his revocation. We note that the trial court imposed sentence based upon its determination that Verstoppen presented a danger to the community and that successful rehabilitation could only be achieved in a closed setting. At the hearing on Verstoppen's motion to modify his sentence, the trial court stated its belief that these concerns were still valid despite Verstoppen's acquittal. We see no violation of the due process principle of fundamental fairness in the trial court's refusal to modify a sentence imposed based upon factors the court properly considered at the probation revocation sentencing hearing.

Verstoppen also contends that the trial court's refusal to modify his sentence deprived him of his right to a jury trial because the refusal ignores the jury's not guilty verdict. We deem this argument to be a restatement of his contention that his subsequent acquittal mandated modification of this sentence imposed. We have for reasons stated determined that this argument

739

was without merit. Moreover, the *Flowers* court held that probation revocation and sentencing subsequent to an acquittal is constitutionally permissible. *Id.* at 388, 260 N.W.2d at 734. The *Flowers* court noted

> [t]he preponderance of evidence standard of proof is the proper standard to use in parole and probation revocation cases.
>
> The acquittal of the criminal charges [underlying the probation revocation] may have only represented an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused. As to the issues raised [in probation revocation proceedings], it does not constitute an adjudication on the preponderance-of-the-evidence burden . . . .

*Id.* (citations omitted). We therefore conclude that while the jury's not guilty verdict is properly considered upon a motion to modify a sentence imposed upon probation revocation, it does not compel modification of the sentence.

## ERRONEOUS EXERCISE OF DISCRETION

■■■■■

Verstoppen next contends that the trial court erroneously exercised its discretion by refusing to modify his probation revocation sentence despite its finding that his acquittal of the charge underlying the revocation was a new factor. Sentence modification is a two-step process: (1) The defendant must demonstrate by clear and convincing evidence that there is a new factor allowing the court to consider sentence modification, and (2) the trial court must determine whether that new factor justifies sentence modification. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609, 611 (1989).

Verstoppen's challenge involves only the second step. We review the trial court's discretionary determination of whether a new factor warrants sentence modification deferentially. *Id.* We will sustain a discretionary determination if it is the product of a rational mental process and is "demonstrably . . . made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law. . . . It is recognized that a trial court in an exercise of its discretion may reasonably reach a conclusion which another . . . court may not reach, but it must be a decision which a reasonable . . . court could [reach] . . . ." *State v. Robinson*, 146 Wis. 2d 315, 330, 431 N.W.2d 165, 170 (1988).

The record demonstrates that at the modification hearing the trial court considered and assessed the significance of Verstoppen's acquittal, as well as other information it had before it concerning other allegations against Verstoppen, his continued need for treatment and his danger to the community.[1] The trial court concluded that, in light of other information before it, Verstoppen's acquittal by itself was insufficient to justify a sentence modification and determined that a six and one- half year prison sentence was still appropriate. Thus, the trial court acknowledged the acquittal was a new factor and considered whether it justified a sentence modification. The trial court reasonably concluded that it did not. This is all to which Verstoppen is entitled. We therefore conclude that the

---

[1] Contrary to Verstoppen's assertions, the record demonstrates that the revocation sentence was not imposed solely based upon the charges of which he was acquitted.

trial court did not erroneously exercise its discretion by refusing to modify Verstoppen's sentence.[2]

## PUBLIC POLICY

Finally, Verstoppen contends that the trial court's refusal to modify his sentence contravenes public policy because the sentence was based in part on statements he made during psychological evaluations, that he was required to undergo as a probation condition. A claim that an otherwise authorized procedure violates public policy raises issues of law that we determine independently from the trial court. *See Enright v. Board of School Directors*, 114 Wis. 2d 124, 127, 338 N.W.2d 114, 116 (Ct. App. 1983), *aff'd*, 118 Wis. 2d 236, 346 N.W.2d 771 (1984).

In addressing this claim, we first note that Verstoppen does not argue that the trial court's consideration of statements he made during court-ordered psychological evaluation violated his fifth amendment right against self- incrimination.[3] We also note that Verstoppen does not challenge the propriety

---

[2] Verstoppen's contention that the court's consideration of other unproven sexual assault allegations against Verstoppen was a separate erroneous exercise of discretion is without merit. As we stated previously, a trial court at sentencing may consider evidence of unproven offenses as part of its determination of the defendant's character and need for incarceration and rehabilitation. *See State v. McQuay*, 154 Wis. 2d 116, 126, 452 N.W.2d 377, 381 (1990).

[3] The *Flowers* court held that at probation revocation proceedings, "the privilege against self- incrimination does not prevent consideration of inculpatory statements . . . ." *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 384, 260 N.W.2d 727, 732 (1978).

of the trial court's considering an offender's need for treatment, likelihood of re-offending and dangerousness to society. We therefore address only the limited issue raised, that public policy requires Verstoppen be sentenced without regard to the information learned as a result of his psychological evaluation and treatment.

Verstoppen asserts that allowing courts to consider at probation revocation sentencing information learned as a result of his psychological evaluation and treatment is a disincentive to defendants to be honest and fully participate in treatment. As a result, Verstoppen argues, fewer offenders will be rehabilitated. Because public policy favors rehabilitation, Verstoppen asserts, allowing courts to consider such information at sentencing is against public policy.

Public policy, however, also supports a full and complete evaluation of the offender's character, his suitability for rehabilitation, the success of recent attempts at rehabilitation, his need for continued rehabilitation and the danger he poses to the public. A balancing of these two public policy concerns leads us to the conclusion that the compelling public concerns of utilizing complete information to reach the proper disposition and the need for public protection outweigh the interest of convicted persons in keeping their psychological evaluations and treatment records private. We recognize that some of the information concerning Verstoppen's dangerousness and likelihood to re-offend was disclosed as a result of a treatment program in which Verstoppen was compelled to participate as a probation condition. Nonetheless, public policy does not preclude consideration of this information because of the compelling public interest in an appropriate dis-

position that will further Verstoppen's successful rehabilitation and treatment.

We do not hold that Verstoppen is not entitled to seek modification of the sentence imposed based upon the subsequent acquittal or that Verstoppen is precluded from challenging his probation revocation based upon this ground. However, Verstoppen's subsequent acquittal of the charge underlying his probation revocation does not compel the trial court to modify the sentence imposed upon revocation or otherwise grant relief to Verstoppen.

*By the Court.*—Order affirmed.