PER CURIAM.
¶ 1 James Zamber appeals a judgment, entered upon his guilty plea, convicting him of second-degree sexual assault of a child. Zamber also appeals that part of an order denying his postconviction motion for sentence modification. Zamber argues that two new factors warrant a reduction in the length of his sentence: (1) Zamber did not have a sexually transmitted disease (STD); and (2) he is not pedophile. We reject Zamber's arguments and affirm the judgment and order.
BACKGROUND
¶ 2 The State charged Zamber with second-degree sexual assault and repeated sexual assault of a then-fourteen-year-old child. In exchange for his guilty plea to second-degree sexual assault of a child, the State agreed to dismiss and read in the remaining count. The parties remained free to argue at sentencing. Out of a maximum possible forty-year sentence, the circuit court imposed a sixteen-year term, consisting of seven years' initial confinement followed by nine years' extended supervision. As a condition of extended supervision, the court prohibited Zamber from having sex "except during marriage."
¶ 3 Appointed counsel for Zamber filed a no-merit report concluding there was no arguable merit to any issue that could be raised on appeal. Relevant to the present matter, the no-merit report represented that counsel "discussed with Zamber potential constitutional arguments to [the 'no sex' condition]; nonetheless after doing so, Zamber has chosen to waive his right to argue said issue." Zamber did not file a response to the no-merit report claiming otherwise. This court accepted the no-merit report and affirmed the judgment of conviction.
¶ 4 Zamber filed a pro se petition for review to address the "no sex except during marriage" condition. Zamber, by newly appointed counsel, then moved to vacate this court's order and reinstate his postconviction deadlines, asserting there is an arguable claim that the "no sex" condition is unconstitutional and not reasonably related to Zamber's rehabilitation. The State did not oppose the motion. Our supreme court ultimately vacated this court's opinion and order and remanded the matter to this court with directions to reject the no-merit report; reinstate Zamber's direct appeal rights; and remand the matter to the circuit court for counsel to file a new or amended postconviction motion.
¶ 5 After we rejected the no-merit report, dismissed the appeal and extended the time for Zamber to file a postconviction motion, he moved for postconviction relief on two grounds. First, Zamber argued that the "no sex except during marriage" condition should be vacated "as unconstitutional and not reasonably related" to Zamber's rehabilitation. Second, Zamber claimed that the correction of two pieces of inaccurate information relied on by the sentencing court constituted new factors justifying sentence modification. The circuit court amended the judgment of conviction to remove the "no sex" condition, but it did not modify the length of the sentence imposed. This appeal follows.
DISCUSSION
¶ 6 A circuit court may modify a defendant's sentence upon a showing of a new factor. See State v. Harbor , 2011 WI 28, ¶ 35, 333 Wis. 2d 53, 797 N.W.2d 828. The analysis of a new factor for sentencing modification involves a two-step process: (1) the defendant must demonstrate by clear and convincing evidence that a new factor exists; and (2) the defendant must show that the new factor justifies sentence modification. Id. , ¶¶ 36-37.
¶ 7 A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the [circuit court] at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties." Id. , ¶ 40. "Whether a set of facts constitutes a new factor is a question of law that we review de novo." State v. Doe , 2005 WI App 68, ¶ 5, 280 Wis. 2d 731, 697 N.W.2d 101. By contrast, we review with deference the circuit court's discretionary determination of whether a new factor warrants sentence modification. See State v. Verstoppen , 185 Wis. 2d 728, 741, 519 N.W.2d 653 (Ct. App. 1994). We will sustain a discretionary decision if it is reasonably based on the facts of record and an appropriate application of the law. Id. Our role as an appellate court is to search the record for reasons to sustain a circuit court's discretionary decision. See State v. Thiel , 2004 WI App 225, ¶ 26, 277 Wis. 2d 698, 691 N.W.2d 388.
¶ 8 Zamber argues that the sentencing court relied on the mistaken beliefs that Zamber "almost certainly" had a sexually transmitted disease (STD) history and that Zamber is a pedophile. Zamber claims that correction of these alleged mistakes warrants sentence modification. We address each argument in turn.
A. Absence of sexually transmitted disease
¶ 9 At sentencing, the circuit court noted "reports" indicating Zamber often took risks related to sex and that Zamber had acknowledged roughly twenty-five casual sexual encounters. The court then stated: "So it's almost certain he's had a disease history himself." The sentencing court also noted that Zamber's "sexually transmitted disease level is very high-risk under the circumstances." Therefore, in an effort to "try and avoid future victims," the court imposed the "no sex before marriage" condition of extended supervision.
¶ 10 In support of his postconviction motion to remove the "no sex" condition and modify his sentence, Zamber presented the results of a medical test conducted by the prison to prove that he did not have an STD. In amending the judgment of conviction to remove the "no sex" condition, the circuit court did not decide whether the condition was unconstitutional but, rather, removed it based on the new information "verifying that the defendant does not have a sexually transmitted disease." On appeal, Zamber asserts that correction of this error also warrants a reduction in the length of his sentence. We are not persuaded.
¶ 11 In its decision on Zamber's postconviction motion, the circuit court stated: "Instead of citing all sources for factual information during sentencings, which commonly last 45 minutes, this Court simply refers to having factual background in its files, which the Court has made available to counsel if they requested it, as it was in this case." We read the court's decision as explaining that the basis for its sentencing decision could be found in the record and did not bear repeating.
¶ 12 In any event, we search the record to sustain the court's discretionary decision to deny sentence modification. Here, the record shows that the sentencing court considered proper sentencing factors, including the seriousness of the offense, Zamber's character, and the need to protect the public. See State v. Gallion , 2004 WI 42, ¶¶ 39-46, 270 Wis. 2d 535, 678 N.W.2d 197. The read-in offense of repeated sexual assault of a child was deemed aggravating, as the court noted it "would treat one mistake differently than multiple events." Moreover, there is a presumption that Zamber's sentence, which is well within the maximum allowed by law, is not unduly harsh or unconscionable. See State v. Grindemann , 2002 WI App 106, ¶¶ 31-32, 255 Wis. 2d 632, 648 N.W.2d 507. Based on the record, the circuit court acted reasonably when it determined that new information regarding Zamber not having an STD warranted deletion of the "no sex" condition but did not otherwise warrant a reduction in the length of Zamber's sentence. The court removed the only sentencing condition that might be reasonably related to the defendant's STD status.
B. Lack of pedophilia diagnosis
¶ 13 Zamber also claims that despite evidence to the contrary, the sentencing court's comments implied a belief that Zamber is a pedophile. Zamber thus contends that correcting this mistaken belief constitutes a new factor warranting sentence modification. We disagree.
¶ 14 Before sentencing, the circuit court reviewed a psychologist's report that concluded Zamber was not a sexual predator or pedophile. At sentencing, the court stated: "One of the things that's in my files relates to the fact that many people with AODA problems find out they still have urges with underage children even when they stop drinking, or using drugs, or both. So you can lower the risk but not end it that way." Nothing about these comments suggests the circuit court rejected the psychologist's opinion that Zamber was not a pedophile. Rather, the comments merely acknowledge the facts of this case: Zamber repeatedly had sex with an underage girl while he was under the influence, and he did so after completing AODA treatment.
¶ 15 Further, the postconviction record demonstrates that the circuit court did not mistakenly believe Zamber was a pedophile. In its postconviction order, the court acknowledged that, in its experience hearing WIS. STAT. ch. 980 (2015-16), commitment cases, qualified professionals reviewing the same factual background will disagree about whether a person is a pedophile. The court nevertheless noted that professionals generally agree that a person is more likely to qualify as a pedophile if the child victim was prepubescent and, here, the fourteen-year-old victim had reached puberty before the charged offenses. Based on this record, Zamber has failed to prove by clear and convincing evidence that the circuit court erroneously believed Zamber was a pedophile. Therefore, his lack of a pedophilia diagnosis does not constitute a new factor justifying sentence modification.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).