COURT OF APPEALS
DECISION
DATED AND FILED

June 20, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP449-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF966

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

FERRIS JERRY BOOKER, JR.,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Ferris Jerry Booker, Jr., appeals a judgment convicting him of armed robbery with use of a dangerous weapon as a party to a crime, and an order denying his postconviction motion. Booker contends that his codefendant's criminal record is a new factor entitling him to sentence modification. We disagree, and affirm.

## BACKGROUND

¶2 In November 2016, Johnny L. Pickens went to H.W. and L.H.'s residence and asked to buy one of their Pit Bull puppies. H.W. and L.H. told Pickens that the puppies were not for sale and Pickens left. Several hours later, Pickens returned with Booker and an unnamed codefendant, who had a gun. The three men forced their way into H.W. and L.H.'s house and took five puppies.

¶3 In December 2016, Booker stole K.S.'s vehicle without his consent. In January 2017, Booker called K.S. and said that if K.S. wanted the vehicle back, he needed to meet Booker with $600. K.S. and his seventy-year-old mother, D.S., went to meet Booker to get the car back. Upon arrival, Booker approached D.S., pointed a pistol at her, and said, "Give me the fucking money." Booker then hit D.S. on her left hand with the gun and took $600 from her. That same month, Booker fired multiple shots towards his ex-girlfriend, K.J.-T., with whom he previously lived. Several days later, at an after-bar party, Booker took a pistol from K.M. without her consent.

¶4 Based on this conduct, Booker was charged with nine counts: armed robbery with use of a dangerous weapon as a party to a crime and a repeater; operating a motor vehicle without the owner's consent as a repeater; first-degree recklessly endangering safety with use of a dangerous weapon as a repeater and with the domestic abuse assessment; three counts of possession of a firearm by a

felon; theft of moveable property as a repeater; robbery with use of a dangerous weapon as a repeater; and aggravated battery to a person sixty-two years of age or older as a repeater.

¶5     Booker entered a guilty plea to one count of armed robbery with use of a dangerous weapon as a party to a crime. The rest of the counts were dismissed or dismissed and read-in. The State also dismissed and read-in two charges from a separate criminal case. As part of the plea agreement, the State agreed to leave the sentence up to the court.

¶6     At Booker's sentencing, defense counsel informed the circuit court that Pickens, Booker's co-actor, had entered a guilty plea to robbery with threat of force as a party to a crime, and the court had sentenced Pickens to twenty-seven months of initial confinement and forty-eight months of extended supervision for his role in stealing the Pit Bull puppies. According to defense counsel, Pickens had initiated the robbery in response to a drug debt that the victims owed to him, and police reports indicated that Pickens was the individual who had forced the door open during the robbery. Defense counsel requested that the court sentence Booker to twenty-four months of initial confinement and forty-eight months of extended supervision consecutive to a revocation sentence.

¶7     In response, the State argued that the circuit court should not consider Pickens' sentence in sentencing Booker because it was irrelevant, but even if the court did, Pickens was convicted of robbery with threat of force, not armed robbery like Booker. The State also noted that the court did not know Pickens' criminal history.

¶8     Defense counsel responded that parity in sentencing was relevant, and the circuit court knew Pickens' sentence because the same court had sentenced

him. The court confirmed its understanding that Pickens' sentence was relevant, and that the court did sentence Pickens.

¶9 Ultimately, the circuit court sentenced Booker to 132 months of initial confinement and 72 months of extended supervision consecutive to a revocation sentence. In its sentencing remarks, the court characterized the armed robbery as "very dangerous conduct" because someone could have been hurt or killed. The court observed that Booker previously received prison time and extended supervision and that did not deter him. In addition, the court distinguished Booker from Pickens because Pickens did not have a juvenile or adult record.

¶10 Booker filed a motion for postconviction relief requesting sentence modification because the circuit court mistakenly believed at his sentencing that Pickens had no prior criminal record. The motion alleged that Pickens was previously convicted in Wisconsin of two counts of entry into a locked vehicle and received a four month jail sentence. He also had a conviction for operating a motor vehicle without owner's consent. On that conviction, the court imposed and stayed twelve months of jail and imposed three years of probation, from which Pickens was revoked. Additionally, Pickens had a conviction for domestic assault-bodily harm and possession of marijuana in Tennessee. Lastly, the motion noted that, as part of Pickens' plea agreement for his robbery conviction, the State agreed not to charge him with intimidation of a witness after he sent somebody to the victims' residence to ask them not to cooperate with the prosecution of the robbery offense.

¶11 The circuit court denied the motion. The court found that it had unknowingly overlooked Pickens' criminal record at Booker's sentencing hearing.

4

However, the court stated that Pickens' record still "pale[d] in comparison" to Booker's record. Thus, the court stated that Booker's sentence "remains valid and necessary to accomplish the goals of punishment, deterrence, and community protection."

¶12 This appeal follows. Additional relevant facts are referenced below.

## DISCUSSION

¶13 On appeal, Booker renews his argument in his postconviction motion seeking sentence modification.

¶14 A new factor is "a fact or set of facts" that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties." *State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted). If the defendant demonstrates a new factor, the circuit court then exercises its discretion to determine "whether that new factor justifies modification of the sentence." *Id.*, ¶37.

¶15 Here, even if we assume that Pickens' criminal record was a new factor, the circuit court properly exercised its discretion in concluding that a sentence modification was not warranted. *See* *State v. Hegwood*, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983). A discretionary decision must be "the product of a rational mental process" and "'demonstrably … made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law[.]'" *State v. Verstoppen*, 185 Wis. 2d 728, 741, 519 N.W.2d 653 (Ct. App. 1994) (citation omitted; ellipses in original).

¶16 In the postconviction decision, the circuit court explained that Pickens' record did "not materially alter the disparity" between Pickens and Booker. The court explained that Booker's behavior "demonstrated a pattern of criminality and a willingness to use violence, which put him in an entirely different league in terms of his character and rehabilitative needs[.]" The court stated that Booker did "a lot more than take a few puppies" and his conduct "demonstrated an extremely dangerous pattern of criminality." The court noted that in addition to the armed robbery charge, Booker had other dismissed or dismissed and read-in offenses and these offenses were committed while he was on extended supervision, which was revoked as a result. The court then stated that "the current sentencing disparity remains valid and necessary to accomplish the goals of punishment, deterrence, and community protection."

¶17 Thus, based on these comments, we conclude that the circuit court did not make an error of law and properly "explained its reason for concluding that the facts [Booker] presented did not justify modification of [his] sentence." *Harbor*, 333 Wis. 2d 53, ¶63. Accordingly, we reject Booker's challenge and affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).