COURT OF APPEALS
DECISION
DATED AND FILED

August 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2023AP2393-CR**
**2023AP2394-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2020CF529
2021CF17

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

MATTHEW W.L. ROLAIN,

  DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Matthew Rolain appeals judgments of conviction and a circuit court order denying his motion to modify his sentence.[1]  Specifically, Rolain argues that dismissal of criminal charges that were pending when he was sentenced following revocation of his probation constitutes a new factor and that the court erroneously exercised its discretion when it determined that dismissal of the charges did not justify sentence modification.  For the reasons stated below, we reject Rolain's arguments and affirm.

## BACKGROUND

¶2    Rolain was charged with threatening a law enforcement officer, misdemeanor battery as an act of domestic abuse, and disorderly conduct as an act of domestic abuse.  The complaint alleged that Rolain physically assaulted and injured A.B., with whom Rolain has a child, after Rolain became upset because he found a baby carrier that A.B.'s ex-husband had given her.[2]  While talking with the police who responded to the incident, Rolain said that he was going to have a seizure, and when police told Rolain that an ambulance had been dispatched, Rolain said that he was going to fight police and anyone else in the ambulance.

¶3    Rolain was released on a signature bond that prohibited him from having contact with A.B.  Rolain was charged in a separate case with felony bail jumping after he contacted A.B. to borrow her car, which police learned of when

---

[1] These appeals were consolidated for briefing and disposition by an order dated January 29, 2024.  *See* WIS. STAT. RULE 809.10(3) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86, we refer to A.B. using initials that do not conform to her actual name.

A.B. called police because Rolain had not returned A.B.'s car the day that he said he would.

¶4    As part of a global plea agreement, Rolain pled guilty as charged in the two cases discussed above. The parties jointly recommended that the circuit court withhold sentence and place Rolain on three years of probation, which the court imposed.[3]

¶5    At the sentencing hearing, both the parties and the circuit court recognized that Rolain had mental health issues for which he needed treatment, and that Rolain should avail himself of treatment while on probation. When recommending probation, Rolain's counsel told the court that Rolain has an "issue" with "rage" and "knows that if he's not successful [on probation], if he can't get some of these things under control, then he faces a significant period of time of incarceration. So that's also a deterrence for him." In discussing Rolain's "issue of rage," the court observed:

> [T]hat behavior is what lands you here. It's what puts the community at risk. It's what jeopardizes stability for your son. It's something that we really have to have you work on. I'm sure that you have, and it sounds like you are committed to long-term treatment. We just got to make sure that you get to the place where you're getting treatment on a regular basis, and that if you stick with that, it's going to keep you and the community safe going forward.

---

[3] In two other cases, Rolain was charged with disorderly conduct as an act of domestic abuse; multiple charges of criminal damage to property, including as an act of domestic abuse; resisting an officer; and multiple charges of felony bail jumping. The circuit court dismissed these charges and read them in at Rolain's sentencing, which was consistent with the parties' recommendation as part of the global plea agreement.

¶6      Rolain's probation was revoked after approximately seven months. The revocation summary lists six specific violations of the terms of his probation, namely, that Rolain: (1) had nonconsensual sexual intercourse with an individual without her consent; (2) refused to let the alleged victim leave the residence; (3) consumed alcohol on numerous occasions; (4) punched a fellow inmate four times; (5) punched a different inmate in the face; and (6) refused to provide information to his probation agent.

¶7      In addition to listing these specific violations, the revocation summary states that Rolain was charged with sexual assault and false imprisonment and described the allegations from the criminal complaint regarding those charges. The revocation summary further states that Rolain failed to enroll in mental health treatment, did not take his medications as prescribed, and tested positive for cocaine and marijuana. The revocation summary states, "[I]t is clear that Mr. Rolain did not take the rules of supervision seriously and was doing what he wanted essentially from the start of his probation supervision."

¶8      Rolain's sentencing after revocation was held in front of the same circuit court judge who presided at his original sentencing. The court sentenced Rolain after his revocation to three years of initial confinement followed by two years of extended supervision for each of the two felony counts (threatening a law enforcement officer and felony bail jumping), to be served consecutively. The court sentenced Rolain to nine months in jail for the misdemeanor battery count and to ninety days in jail for the disorderly conduct count, to be served concurrently with each other and with the sentence for the threatening a law enforcement officer count. We discuss the court's sentencing rationale in greater detail in our analysis below.

¶9 After Rolain was sentenced, the State dismissed the sexual assault and false imprisonment charges that had been pending against Rolain based on the State's representation that it could not prove the allegations beyond a reasonable doubt. Rolain filed a postconviction motion to modify his sentence based on the dismissal of those charges.

¶10 The circuit court denied Rolain's motion. Specifically, the court concluded that dismissal of the charges against Rolain did not constitute a new factor because it was not highly relevant to sentencing, and that even if dismissal of the charges was a new factor, modification was not warranted. Rolain appeals.

## DISCUSSION

¶11 A circuit court may modify a criminal sentence when the defendant has demonstrated the existence of a "new factor." *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *Id.*, ¶36. A defendant "must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence." *Id.*, ¶38. A new factor is "'a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.'" *Id.*, ¶40 (quoting *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)).

¶12 As to the second step, "[w]e review the [circuit] court's discretionary determination of whether a new factor warrants sentence modification deferentially." *State v. Verstoppen*, 185 Wis. 2d 728, 741, 519 N.W.2d 653 (Ct. App. 1994). We will sustain the court's decision "if it is the product of a rational

5

mental process and is 'demonstrably ... made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Id.* (omission in original) (quoting *State v. Robinson*, 146 Wis. 2d 315, 330, 431 N.W.2d 165 (1988)). "It is recognized that a trial court in an exercise of its discretion may reasonably reach a conclusion which another ... court may not reach, but it must be a decision which a reasonable ... court could [reach]...." *Verstoppen*, 185 Wis. 2d at 741 (omissions and alteration in original) (quoting *Robinson*, 146 Wis. 2d at 330).

¶13    For purposes of this opinion, we will assume without deciding that Rolain has demonstrated that dismissal of his sexual assault and false imprisonment charges is a new factor. However, Rolain has not shown that the circuit court erroneously exercised its discretion when it determined that dismissal of these charges did not justify modifying Rolain's sentence.

¶14    At the hearing on Rolain's motion for sentence modification, the circuit court stated that modification was not warranted because, even if the court had not considered the sexual assault and false imprisonment charges at the time of sentencing, the court would have imposed the same sentence for the same reasons:

> [The reasons] are reflected in the transcript from the … sentencing [after revocation] hearing …. And that is that these were serious criminal violations, that you demonstrated an unwillingness to submit yourself to treatment in the community, and … there was a need for protection of the community while you were undertaking treatment. The sentence … imposed a prison term on the offense that renders you ineligible for the Substance Abuse Program or the Challenge Incarceration Program. And then following that, a consecutive sentence for the bail jumping offense which allows you eligibility for both of those programs. And for the same reasons that I stated [during sentencing after revocation], I find that that's an

6

> appropriate disposition here, because it provided an element of punishment, and it provides the opportunity for rehabilitation in a confined setting where you're not going to have an option about how you're doing treatment. You're going to have to do the treatment the way that the State recommends and dictates because I believe that's the only way the treatment is going to happen here successfully, and that it needs to happen in that confined setting, and it then gives you the opportunity to undertake that treatment and earn your way back into the community. And I believe that that is appropriate in this case.

As these comments show, the court concluded that even setting aside the sexual assault and false imprisonment charges, the seriousness of the underlying criminal charges to which Rolain had pled guilty, Rolain's unwillingness to seek treatment, and the need to protect the community justified Rolain's sentence. This does not constitute an erroneous exercise of discretion: the court applied the proper legal standard, examined the relevant facts, and employed a rational mental process to reach a reasonable conclusion. *See **Verstoppen***, 185 Wis. 2d at 741 (concluding that the circuit court did not erroneously exercise its discretion when it determined that the defendant's acquittal on charges that were pending at the time of sentencing did not justify modifying the defendant's sentence). Rolain's arguments to the contrary are unpersuasive.

¶15 We begin by rejecting Rolain's argument that, in denying Rolain's motion for sentence modification, the circuit court erroneously exercised its discretion because the sexual assault and false imprisonment charges "dominated" the sentencing after revocation hearing and were "the underpinning of the court's sentence structure."

¶16 Although the prosecutor mentioned the sexual assault and false imprisonment charges at the sentencing after revocation hearing, the charges were not the focus of the prosecutor's arguments—for example, the prosecutor stated,

7

"[Rolain] does have pending charges in regards to the rape allegation, and so I won't get into those. He'll have to fight those another day in a different jurisdiction …." Otherwise, the prosecutor did not rely on the sexual assault and false imprisonment charges in its sentencing argument. Relatedly, Rolain's counsel argued at the sentencing after revocation hearing:

> [Rolain] has an open case … [that] is scheduled for a jury trial, so he is actively litigating that, and … he will have a jury of his peers to decide if he is guilty or innocent of those charges. I understand that the Court … can take into consideration adjustment under supervision and the reasons for revocation, but I'm asking the Court to also consider … that he is innocent until proven guilty, and he does have a jury trial scheduled in that matter.

¶17 Consistent with the parties' treatment of the pending charges at the sentencing after revocation hearing, the circuit court stated:

> Obviously, the allegations that are laid out in the revocation materials are incredibly serious, and those are something that'll be addressed by another Court on another day. The lawyers I think have put them in the appropriate context, and that is that it's fair for the Court to take a look at those … as allegations, but to consider them when it comes to adjustment on supervision and to consider them in the context of character, which is very important for what we address today.

The court also informed Rolain:

> [W]e're not here to punish you for a failure on probation. That's not the point here. And your attorney has made a very good argument for the fact that we are to punish you here for the underlying conduct. We're not here to punish you for something else or to enhance that punishment because you were not successful on probation. That's not our purpose or goal here.

The court ultimately determined that "there is a risk to the community here as long as you are refusing to follow the rules in the community … while you are in need

8

of rehabilitation," and that "a lengthy period of incarceration is going to be necessary to protect the community."

¶18    The circuit court considered the allegations as they pertained to Rolain's adjustment to supervision and his character as the court was allowed to do, *see State v. Leitner*, 2002 WI 77, ¶45, 253 Wis. 2d 449, 646 N.W.2d 341 ("A sentencing court may consider uncharged and unproven offenses and facts related to offenses for which the defendant has been acquitted." (footnotes omitted)), but the court treated these as allegations only, and not as conduct for which Rolain could be punished at that time. Moreover, as discussed in more detail below, the court placed far more emphasis on Rolain's failure to seek treatment for his mental health and substance abuse issues, the seriousness of the conduct for which he was being sentenced, and his numerous violations of his terms of probation. Accordingly, we reject Rolain's argument that the sexual assault and false imprisonment charges "dominated" the sentencing after revocation hearing, and his suggestion that, as a result, the court erroneously exercised its discretion when it concluded that it would have imposed the same sentence for the same reasons even if it did not consider the sexual assault and false imprisonment charges.

¶19    Rolain also challenges the specific reasons that the circuit court provided when denying Rolain's motion for sentence modification. First, Rolain argues that "the court's conclusion that Mr. Rolain was unwilling to submit to treatment in the community is incorrect." Specifically, Rolain argues that obtaining treatment was made more difficult because of the COVID-19 pandemic, that Rolain was out of custody for only four months before being placed back in custody for probation violations, and that Rolain was referred to treatment the week before he was taken into custody.

9

¶20 However, Rolain's revocation summary shows that Rolain not only failed to enroll in treatment while on probation, but also that Rolain routinely missed treatment appointments and that he went almost two months without his "psychological medications" before informing his probation agent of that fact. In addition, after his probation agent gave Rolain the opportunity to obtain mental health treatment from a provider of Rolain's own choosing, as Rolain requested, Rolain failed to meet his probation agent's one-month deadline for doing so. Together with Rolain's failure to attend appointments with his probation agent and to tell his agent that he was not taking his medications, this resulted in Rolain being referred to treatment shortly before he was taken into custody. The revocation summary also shows that Rolain tested positive for cocaine and marijuana, that he admitted to drinking alcohol, and that when he was taken into custody regarding the sexual assault and false imprisonment charges, a preliminary breath test indicated that he had a blood-alcohol concentration of .214.

¶21 Moreover, in sentencing Rolain after revocation, the circuit court determined that Rolain failed to make sufficient efforts at treatment while on probation, even after taking into account the challenges that the COVID-19 pandemic created for him. When Rolain addressed the court at the sentencing after revocation hearing, Rolain specifically argued that obtaining treatment was difficult because of the COVID-19 pandemic. The court acknowledged that the COVID-19 pandemic caused "quite a bit of turmoil for everybody, particularly[] those that were seeking treatment." However, the court determined that Rolain's "efforts towards treatment were rather minimal out in the community" and that Rolain was "only interested in doing treatment on [his] terms." Because the facts in the record support the court's finding that Rolain "demonstrated an unwillingness to submit … to treatment in the community," Rolain's argument

10

fails. *See **Verstoppen***, 185 Wis. 2d at 741 (stating that we will uphold a circuit court's exercise of discretion if it is "'made and based upon the facts appearing in the record'" (quoting ***Robinson***, 146 Wis. 2d at 330)).

¶22 Second, Rolain asserts that the circuit court relied on the sexual assault and false imprisonment charges at the sentencing after revocation hearing when it determined that the protection of the public required that Rolain's treatment occur in custody. Rolain argues that the court erroneously exercised its discretion when, in denying Rolain's motion for sentence modification, it failed to consider this initial reliance on the sexual assault and false imprisonment charges. We reject Rolain's argument because we reject his premise—which is belied by the record—that it was the sexual assault and false imprisonment charges that caused the court to conclude that Rolain's treatment must occur while in custody. Addressing Rolain, the court explained:

> [Y]our efforts towards treatment were rather minimal out in the community, and … based on the record, I would agree that you're only interested in doing treatment on your terms, and that is a complicating factor for us here.
>
> So I do find that rehabilitation is going to be very important here and is necessary for you and, frankly, in order to protect the community, and it's only going to work in a confined setting at this point because you're not willing to do it under the terms that the Department [of Corrections] has given you out in the community.

Thus, the record shows that the court relied on Rolain's failure to obtain treatment while on probation—and not on the alleged conduct underlying the sexual assault and false imprisonment charges—in determining that protection of the public required that Rolain's treatment occur while Rolain is in custody.

11

¶23 Moreover, there are ample facts in the record supporting the circuit court's conclusion that, even setting aside the sexual assault and false imprisonment charges, Rolain's sentence was necessary to protect the public. In addition to noting Rolain's repeated failure to obtain treatment, Rolain's revocation summary states that Rolain punched two inmates on separate occasions; that Rolain, while in custody, threatened to slit a deputy's throat; and that Rolain fled from police after they responded to a report of a domestic disturbance. The revocation summary further states, "It appears that Mr. Rolain's activity under supervision has been the exact same activity he participated in to be placed on supervision in the first place." And recall that Rolain pled guilty to and was sentenced for threatening a law enforcement officer, misdemeanor battery as an act of domestic abuse, disorderly conduct as an act of domestic abuse, and felony bail jumping. Further, as noted, the charges that were dismissed but read in at Rolain's original sentencing were for disorderly conduct as an act of domestic abuse; multiple charges of criminal damage to property, including as an act of domestic abuse; resisting an officer; and multiple charges of felony bail jumping.

¶24 In sum, Rolain has failed to demonstrate that the circuit court erroneously exercised its discretion when it determined that dismissal of the sexual assault and false imprisonment charges did not justify modifying Rolain's sentence.

**CONCLUSION**

¶25 For the reasons stated above, we affirm.

12

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.